Soumet v. National Express Company.

--------

EUGENIA SOUMET *vs*. THE NATIONAL EXPRESS COMPANY.

The acceptance without objection, by a shipper, of an Express Company's receipt for goods delivered, though it be unread, at the time, constitutes a contract between the parties, and binds them, as to the conditions contained in it.

The plaintiff having certain goods in the hands of Wolf Brothers, directed that they should be sent to her by express. Wolf Brothers sent them to the express office of the defendant by their clerk, who took a receipt therefor. *Held* that the clerk was the plaintiff's agent, and that his acceptance of such receipt bound her, in respect to its terms.

APPEAL, by the defendant, from a judgment for the plaintiff entered upon the verdict of a jury.

The plaintiff having delivered certain articles of jewelry to Wolf Brothers, at the city of New York, to secure a loan of $88, directed Wolf Brothers to send them to her by express, to Saratoga Springs, the sum

Soumet *v.* National Express Company.

of $88 to be collected on delivery. Wolf Brothers placed the same in a package directed to the plaintiff, and delivered it to the defendant, with their bill for $88. The delivery was made by a young man in the employ of Wolf Brothers. Upon its delivery the defendants' agent gave to the young man a paper signed by the agent, which contained the following, among other things : "It is a part of the consideration of this contract, and it is agreed, that the said Express Company are not to be held liable or responsible, * * * nor in any event, shall the holder hereof demand beyond the sum of *fifty dollars*, at which the article forwarded is hereby valued, unless otherwise herein expressed, or *unless specially insured* by them, and *so specified in this receipt*, which insurance shall constitute the limit of the liability of the National Express Company." The value of the property was stated in the paper at $88. At the same time, according to the agent's testimony, he asked the young man about the value of the property, and the young man then delivered to him Wolf Brothers' bill for $88. There was no proof as to whether the paper was read by the young man ; but he took it to one of the firm of Wolf Brothers the next morning, who read it, and never made any exception to it.

The articles were never delivered to the plaintiff, and she brought this action to recover their value, and obtained a verdict for $380.68.

Upon the trial the judge refused to charge that the writing was a contract and binding between the parties, and that the plaintiff could only recover the amount expressed therein as the value of the property. He did charge, that "it is to be presumed that the parties receiving a contract or instrument understand its contents, and have read it, but that is merely a presumption, and the jury are to be governed by the (facts) proofs in relation to it." And "that the writing may be a contract if

the jury find the fact that it was known, understood and assented to by the plaintiff, or her agent.

Judgment having been entered, the defendant appealed.

*L. B. Pike*, for the appellant.

*J. W. Eighmy*, for the respondent.

P. POTTER, J.   I am satisfied that there must be a new trial, upon the authority of *Belger* v. *Dinsmore*, (not yet reported,) decided by the Commission of Appeals in September last.(*a*)   That was a case upon all fours with this ; and the court held that the acceptance of a similar paper, without objection, though it was unread, constituted a contract between the parties ; and that a verdict was properly directed for the plaintiff for the amount stated in the paper.   That the plaintiff was bound by the action of Wolf Brothers' "young man," is settled by the case of *Nelson* v. *Hudson River Railroad Co.*, (48 *N. Y.* 504.)

Therefore, the charge of the judge was erroneous in submitting this question to the jury. It was a question of law.

However reluctant we may be to sustain the action of carriers, in requiring such agreements to be received by their customers, we are bound to declare the law as it is found in the decision of the higher courts, and must bow to the rulings of the court of last resort.

Upon another trial the plaintiff may be able to show negligence, entitling her to recover ; and I am therefore of opinion that the judgment should be reversed, and a new trial ordered, costs to abide the event.

PARKER, J., concurred.

MILLER, J., concurred in the result.

New trial granted.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, January 7, 1873. *Miller, Potter* and *Parker*, Justices.]

(*a*) Since reported, (51 *N. Y.* 166.)