## N. Y. SUPERIOR COURT.

JAMES BISHOP and others agt. THE EMPIRE TRANSPORTATION
COMPANY.

*When shipper and others bound by the terms of a bill of lading.*

A shipper is bound by the terms of the bill of lading delivered to and
accepted by him, at the time of the shipment of merchandise. Its
terms become the contract of the parties.

Where the shipper, after receipt of bills of lading, passes them to a third
person and receives a loan of money upon them, it is a good reason for
the conclusion that the shipper fully approved of their terms.

And the party who makes the advances is also clearly bound by the terms
of the bills. As much so as the purchaser of a bill of exchange is by
the language of the draft he buys.

*Special Term,* 1873.

*Mr. Andrews,* for plaintiffs.

*Mr. Cadwalader,* for defendants.

VAN VORST, *J.* — A shipper is bound by the terms of the
bill of lading delivered to and accepted by him at the time
of the shipment of the merchandise.

Its terms become the contract of the parties.

By taking the bill, the shipper is presumed to know and
agree to its contents, unless he dissents.

There might be circumstances, as that the paper was deliv-
ered to him at a time when he had no opportunity to exam-
ine its contents before the goods were put in motion for their
place of destination, which might modify the rule above
expressed (*Blossom* agt. *Dodd*, 43 *N. Y.*, 264; *Belger* agt.
*Dinsmore*, 51 *N. Y.*, 166 [*Com. of Appeals*]).

The former case shows that the receipt was delivered to the plaintiff in a dimly lighted car, and under circumstances · • unfavorable to an examination of its contents, the goods being in actual transit at the time, and immediately passing into the carrier's control, before examination could be made or dissent expressed.

In the case before me the bills of lading were not delivered until the following morning after the day the goods were delivered to the carrier, when the shipper called for the bills, as he had been accustomed to do, on previous occasions of shipment.

The bills received on previous occasions were in the same form as those in evidence in this action. From· their terms no dissent had ever been made by the shipper.

When he called for the bills in question, on the next day, he would be presumed to have expected, and could have properly demanded that they should be in the accustomed form.

Under such circumstances, when received without dissent, the shipper would be concluded by the terms of the bills,· and the carriage must be held to have been made in pursuance of the terms and conditions therein expressed.

But, in addition, the shipper signified his assent to the terms of the bills by passing the same to the plaintiffs and borrowing money thereon.

He did this, as he had on previous occasions, to obtain advances on the bills.

He had ample opportunity to examine the bills before accepting them, and could, had he been so minded, have expressed his consent to the shipment on their terms. His failure to express dissent, followed by his delivery of the bills to the plaintiffs, from whom he received advances thereon, are good reasons for the conclusion that he fully approved of their terms.

The plaintiffs, who made these advances, are also clearly bound by the terms of the bills. As much so as the pur-

Bishop agt. Empire Transportation Company.

chaser of a bill of exchange is by the language of the draft he buys.

It is difficult to conceive of any good ground of doubt about a proposition apparently so clear.

There is no allegation or evidence of any fraud, surprise, or mistake on their part.

The bills provided that the carrier should have a lien on the oil, the subject of carriage, for previous indebtedness of the shipper, to the defendants, for freight.

This provision was also contained in previous bills, received without objection.

That the shipper did not actually read the bill is his own, not the carrier's fault. He is presumed to have known the contents and to have adopted them; and for the same reasons the plaintiffs are concluded.

Under the bills of lading, the defendants were justified in holding on the oil, although demanded by the plaintiffs, until their lien and claim for freight was discharged. Besides, the bills at the time of their presentment and the demand for the oil thereunder, were not indorsed by the shipper, which was required to be done, by the terms, before the carrier could be held responsible thereunder.

The Pennsylvania statute referred to, contains nothing in opposition to the views herein expressed.

For these reasons the complaint should be dismissed with costs.