THE MORRIS RUN COAL COMPANY, Appellant, *v.* THE SALT COMPANY OF ONONDAGA, Respondent.

A court of equity will not set aside an award of arbitrators for error, either in law or fact, as to matters within their jurisdiction. There must be something more than error of judgment, such as misconduct or corruption, or a mistake of law or fact in the nature of a clerical error ; and, in general, to be available, this must appear on the face of the award, or in some paper delivered with it.

(Argued June 4, 1874; decided September 22, 1874.)

THIS was an action to set aside an award of arbitrators.

The parties entered into a contract by which plaintiff agreed to sell and deliver to defendant, for a term of years, coal at fifty cents per ton above all expenses. The contract, after providing for payment and temporary monthly adjustments and corrections of accounts, provided that on the thirty-first December of each year either party could give notice that reclamation was made on account of payments during that year; if acquiesced in by the other party, by a notice to be served within ten days; such other party was to pay the amount reclaimed ; if not acquiesced in, it was provided that the party seeking reclamation " may thereupon " appoint an arbitrator; the other party, within one week, to appoint another, and the two thus appointed within ten days to appoint a third, and the three to appoint a time and place of hearing within thirty days. Notices of reclamation were

served by each party at the end of each year. The contract was terminated at the end of four years. Defendant thereafter gave notice of the appointment of an arbitrator, the notice expressing the intent to arbitrate "the questions arising out of the reclamations and claims which had been made." Plaintiff, without objection or protest, served notice of the appointment by it of a second arbitrator, which contained the same clause. The two arbitrators thus selected appointed a third, and the three made an award allowing to defendant reclamation for each year. In an action to set aside the award, *held*, that the contract did not require the appointment of arbitrators immediately for each annual reclamation, but the time was left to be fixed by the parties, and the arbitrators having been appointed after more than one notice of reclamation had been given, were not limited to the last; that each reclamation was in the nature of a separate cause of action, any number of which could be united and brought to trial before the same tribunal, and that the arbitrators were authorized to hear and determine all.

Upon the general question as to the power of a court of equity to set aside an award, the court held as above, citing 17 Howard (U. S.), 344; 1 Vesey, Jr., 369; 6 Allen, 480; 12 Meeson & Welsby, 309; 3 Common Bench (N. S.), 189; 27 Law Journal (C. P.), 66.

*C. B. Sedgwick* for the appellant.

*George F. Comstock* for the respondent.

Church, Ch. J., reads for affirmance.

All concur, except Andrews and Johnson, JJ., who take no part.

Judgment affirmed.