right had vested in the court to make such application as would have been made if the parties in interest had acted in the matter. Id. 447. Indeed, in a case of payments other than by the voluntary act of the debtor, there is generally no question of application by the parties. Id. 459; Bank v. Moore, 112 N. Y. 543, 20 N. E. 357. The principal and interest account between the parties stated, according to these views, leaves a balance of $8,823.13 due to the plaintiff.

Judgment accordingly, with costs, and $200 allowance.

---

GRIEVE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   February 6, 1898.)

1. CARRIERS—LIABILITY AS WAREHOUSEMEN.
   The liability of a railroad company is that of a warehouseman, where the consignee of freight neglected to obtain it after the company had notified him that it was stored in its freight house, and it was burned.

2. SAME—NEGLIGENCE.
   A carrier holding goods in its warehouse for the consignee is liable for failure to exercise ordinary care.

3. SAME—BURDEN OF PROOF.
   One suing for the value of goods that were burned with the storehouse of a carrier having the liability of a warehouseman must show that the loss was caused by the carrier's negligence.

4. SAME—EVIDENCE—QUESTIONS FOR JURY.
   Plaintiff's goods were burned in defendant's warehouse, separated by a partition from his office, in which had been an old stove so out of repair that live coals had frequently dropped on the floor, and one time had set fire thereto, and woodwork near the stove had been scorched. Defendant's employé had told him that the stove was dangerous. There was evidence that the fire in question originated in the office near the stove. *Held* sufficient evidence of defendant's negligence to require the submission of the question to the jury.

Appeal from trial term.

Action by Alexander Grieve against the New York Central & Hudson River Railroad Company. Judgment for defendant, and plaintiff appeals from the order denying his motion for a new trial on the minutes. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John Gillette, for appellant.
Albert H. Harris, for respondent.

GREEN, J. On January 31, 1894, plaintiff purchased and shipped from Buffalo 25 tierces of lard, which were consigned to him at Canandaigua. The lard was shipped over the road of defendant. It was received at Canandaigua February 2d, and placed in defendant's freight house on the next day. The plaintiff was duly notified of its arrival, but neglected to obtain the same, and it remained in the storehouse until between half past 12 and 1 o'clock of February 23–24, 1894, when it, with the freight house of defendant, was consumed by fire. This action was instituted to recover the value of the lard.

Upon the trial the learned court granted a nonsuit. The plaintiff made a motion for a new trial upon the minutes of the court. It was denied, and from the order denying such motion this appeal was taken.

We are of the opinion that the evidence presented upon the trial failed to establish a cause of action against the defendant as common carrier, and that its liability, if any, to the plaintiff, is that of warehouseman. Although the relation of common carrier had terminated, the defendant, as warehouseman, was responsible for the security and fitness of the place where the lard was stored, and was required to take the necessary precaution for the safety of the goods, and was also responsible for ordinary care and attention of its servants and agents in caring for the lard, so that the same might be delivered whenever called for. But the care which the defendant was obliged to exercise was only ordinary care, and no greater than that an ordinarily prudent man would exercise in protecting and caring for his own property. It was, however, obligatory upon the defendant to use greater care than would have been required had it been a gratuitous bailee; for where the latter relation exists the liability is only for gross negligence.

There was no opinion written by the learned trial justice upon making the order appealed from, and we are in ignorance of the grounds of his decision. We think it probable that such decision was based upon the ground that, under the evidence, the defendant was, at the time of the destruction of this property, a gratuitous bailee. It appears, however, from the bill of lading and from the decisions applicable to this case, that the defendant, after its liability as common carrier had ceased, became liable for the custody of the goods as warehouseman, and as such, if the goods were not removed within a reasonable time, was entitled to compensation for which it had a lien as warehouseman upon the lard. Yet, notwithstanding the obligation rested upon the defendant as warehouseman, and notwithstanding the destruction by fire of its warehouse and the property of the plaintiff, it was incumbent upon the plaintiff to show that his loss was caused by the negligence of the bailee. Liberty Ins. Co. v. Central Vermont R. Co., 19 App. Div. 509, 46 N. Y. Supp. 576. If the learned trial court granted the nonsuit on the ground that there was not sufficient evidence of defendant's negligence to require a submission of that question to the jury, I am of the opinion that that also was error. In one corner of the freight house where the property of plaintiff was stored was an office, 12 or 14 feet square, partitioned from the balance of the warehouse; and in that office was a stove, which had been used for many years, and which the evidence discloses was somewhat out of repair, and had remained so for some considerable time; that, by reason of such condition, live coals had on several occasions dropped therefrom to the floor beneath; and one witness testified that in the fall previous to the destruction of the building the floor in the office was discovered to be on fire, which condition was caused by the burning coals which had dropped from the stove. There was also evidence tending to show that the woodwork in close proximity to the stove showed indications of having been scorched and burned by the heat of the stove. There was also evidence tending to show that

one of the employés of the defendant had called the attention of defendant's agent in charge of the freight house at Canandaigua to the dangerous condition of the stove; that he acknowledged that the condition ought to be remedied; that he had endeavored to do so, but that he was unable to obtain from the defendant another stove. The plaintiff also gave evidence tending to show that the fire in question originated in this office, and in close proximity to the stove. This and other evidence given in behalf of the plaintiff was sufficient to require a submission to the jury of the question of defendant's negligence.

It therefore becomes necessary to reverse the order, and to order a new trial, with costs to the appellant to abide the event of the action. All concur.