## WILKINS v. ALLEN.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

ARBITRATION—APPEAL—REVIEW.

 Code Civ. Proc. § 2374, provides that, in specified cases, the court must, on application of either party to the submission, make an order vacating the award of an arbitrator; and section 2375 requires, on like application, in specified cases, an order modifying or correcting the awards,—neither of said sections authorizing such motions on the merits of the controversy. Section 2380 declares that the judgment entered on the order confirming, modifying, or correcting the award has the same force and effect and is subject to all the provisions of law relating to a judgment in an action. Section 2381 provides an appeal may be taken from an order vacating an award, as from an order or judgment in an action, and that the proceedings on such appeal are governed by the provisions of chapter 12, Code Civ. Proc., so far as applicable. Held, that the award of an arbitrator cannot be interfered with for mere error of judgment as to the law or facts submitted to him, and that, on appeal from judgment or an order·

confirming an award, only such questions can be considered as sections 2374 and 2375 authorize to be raised by motion to vacate, modify, or correct.

Appeal from special term.

Submission to an arbitrator by Charlotte L. Wilkins, as plaintiff and Walter S. Allen, administrator of Lorena Allen, deceased, as defendant. From judgment entered on the decision of the arbitrator, and from the order confirming the award, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Edward J. Meegan, for appellant.

D. B. Ogden (H. B. Closson, on the brief), for respondent.

GOODRICH, P. J. Differences having arisen between the parties to this litigation, they submitted the questions involved to Hamilton Odell, Esq., as arbitrator, in four stated questions of law and a statement of the facts out of which the controversy arose. In the view which we take of this appeal, it is necessary only to say generally that the questions relate to the liability of Mrs. Wilkins, as the owner of certain real estate in the borough of Manhattan, to pay a lessee, under written leases for long terms, the value of buildings erected on the premises during the life of the leases, and whether the lessee had the right to remove any of the buildings. The submission was in the form required by sections 2365 et seq. of the Code of Civil Procedure, and provided that a judgment of the supreme court could be entered thereon. It set out copies of the several leases, and a diagram of the property, and contained a statement that Mrs. Wilkins was the owner in fee of the premises, and that the estate of Lorena Allen, represented by Walter S. Allen, as administrator, was the owner of the leasehold estate created by the instrument. There was no oral evidence. The arbitrator decided that Mrs. Wilkins was not bound to pay the value of the structures, and that the lessee had not the right to remove any of the structures named in the submission. The administrator excepted to each of the findings, and, on a motion for that purpose, the award was confirmed by the New York special term, and entry of judgment directed. Judgment was accordingly entered, and the administrator appeals from it, and from the order confirming the award.

The respondent contends that the appeal presents no question of law or fact which this court can review, and this brings us to a consideration of the provisions of the Code in respect of arbitrators. They comprise the entire title 8 of chapter 17 of the Code of Civil Procedure, and differ somewhat from the former provisions of the Revised Statutes, which generally ran along the same lines. Each system provided for a motion to set aside an award on specific grounds. The statutes provided that a party complaining of an award "may move the court * * * to vacate the same" upon four specified grounds, "or to modify or correct such award" upon three other grounds. The Code provides that the court "must make an order vacating the award," or "modifying or correcting the

award," for substantially, if not identically, the same grounds as those mentioned in the Revised Statutes. We can see no difference resulting from the change of words, as the proceedings in either case were statutory and prefatory to the entry of a judgment in the supreme court, and the authorization of a motion to the court was simply equivalent to saying that the court, in a proper case, was compelled to grant the relief moved for.

The sections of the Code read as follows:

"Sec. 2374. In either of the following cases, the court, specified in the submission, must make an order vacating the award, upon the application of either party to the submission: (1) Where the award was procured by corruption, fraud, or other undue means. (2) Where there was evident partiality or corruption in the arbitrators, or either of them. (3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced. (4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject-matter submitted, was not made.

"Sec. 2375. In either of the following cases, the court, specified in the submission, must make an order modifying or correcting the award, upon the application of either party to the submission: (1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property, referred to in the award. (2) Where the arbitrators have awarded upon a matter not submitted to them, not affecting the merits of the decision upon the matters submitted. (3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy, and, if it had been a referee's report, the defect could have been amended or disregarded by the court. The order may modify and correct the award, so as to effect the intent thereof, and promote justice between the parties."

As the appellant made no motion to vacate, modify, or correct the award upon the grounds stated in these sections, and as the appeal is only from the order confirming the award and directing the entry of judgment, and from the judgment itself, we are relegated to sections 2380 and 2381 of the Code of Civil Procedure to determine what questions may be reviewed here. The sections read as follows:

"Sec. 2380. The judgment so entered has the same force and effect, in all respects, as, and is subject to all the provisions of law relating to, a judgment in an action; and it may be enforced, as if it had been rendered in an action in the court in which it is entered.

"Sec. 2381. An appeal may be taken from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action. The proceedings upon such an appeal, including the judgment thereupon, and the enforcement of the judgment, are governed by the provisions of chapter twelfth of this act, as far as they are applicable."

The appeal from a judgment entered upon an award is to be taken as from a judgment in an action. On an appeal from a judgment or order, this court, among other things, may reverse or affirm such judgment or order. But in the case at bar, as the appellant made no motion under sections 2374 or 2375, he has waived any right which he had under those sections. In those sections there seems to be a studious avoidance of any reference to the right of a defeated party to move to set aside an award upon the merits of the controversy. This is emphasized by the use in subdivision 2 of section 2375 of the words, "not affecting the merits of the decision

upon the matters submitted," and the use in subdivision 3 of the words, "not affecting the merits of the controversy." The right to apply to the court on motion to vacate an award on account of the arbitrator's misunderstanding of the merits of a controversy is thus expressly excluded.

But, as there is a right of appeal from the judgment on the award expressly given by section 2381, it becomes necessary to determine what may be reviewed on such an appeal. Chief Justice Shaw, in the leading case of Water-Power Co. v. Gray, 6 Metc. (Mass.) 131, discussed the law as to arbitrations, and in clear language declared that arbitrators, when not limited by the terms of the submission, have full power to decide upon questions of law and fact which, directly or incidentally, arise in considering the questions before them, because they are judges chosen by the parties; that their decision of matters of fact and law, within the scope of their authority, is conclusive upon the same principle that a final judgment of a court of last resort is conclusive, which is that the party against whom it is rendered can no longer be heard to question it; and that when parties to a controversy have expressly submitted to arbitrators the questions of law involved, as well as the questions of fact, the decision of the arbitrators on both subjects is final. In Jackson v. Ambler, 14 Johns. 96, Spencer, J., said (page 105): "Where an arbitrament takes place by the mere act of the parties, it cannot be made an objection to an award that it is against law,"—citing cases. In the absence of corruption or misconduct, the award of an arbitrator cannot be set aside for mere error of judgment as to the law or facts of the case submitted. Masury v. Whiton, 111 N. Y. 679, 18 N. E. 638; Hoffman v. De Graaf, 109 N. Y. 638, 16 N. E. 375. In McGregor v. Sprott (Sup.) 13 N. Y. Supp. 191, it was held that the court possesses no general supervisory power over awards, if the arbitrators keep within their jurisdiction, and that their awards will not be set aside because they have erred either in fact or law.

The submission in the present case involved questions of law only, and the authorities cited have for that reason an added significance. The reference was to a distinguished and able lawyer, to whose judgment the parties agreed to submit, not a mere question of fact, with the power to decide incidental questions of law, but simply questions of law upon an agreed state of facts. If an award is final in any case upon such questions of law as are incidental to the decision on matters of fact, the argument is still stronger where the submission relates solely to questions of law. The general term of the supreme court in the First department (In re Arbitration of Poole, 5 Civ. Proc. R. 279) considered an appeal which had been taken from an order confirming the report of arbitrators and from the judgment. As in the case at bar, no motion had been made to vacate or correct the award. The court nevertheless held that although a party had made no motion to vacate the award, under section 2374, he was not deprived of the right to review the order confirming the award and the judgment entered upon it, and that the appeal must be heard at the general term on the papers upon

which the motion was heard at the special term. We do not regard that decision as authorizing a review of an award in the same manner, or to the same extent, as a judgment in an action might be reviewed.

Under the title of the Code of Civil Procedure relating to "Arbitrations," appeals are allowed (1) from an order vacating an award, and (2) from a judgment entered upon an award. Code Civ. Proc. § 2381. No judgment is entered upon an order vacating an award. If a court at special term determines that an award should be vacated, an order is entered upon that determination, from which an appeal may be taken, under section 2381, above cited. But, if an order of the special term confirms or modifies or corrects an award, judgment is to be entered thereon (section 2378), and from that judgment, not from the order, the aggrieved party is entitled to appeal.

As to the matters which may be reviewed upon an appeal from such a judgment (based on an order confirming, modifying, or correcting the award), our view is that the appellate court can consider such questions (but only such questions) as might have been raised upon a motion to vacate, modify, or correct the award. Thus, if the award has been confirmed, the appellant may contend that it ought to have been vacated, modified, or corrected upon some or all of the grounds set out, respectively, in sections 2374 and 2375 of the Code of Civil Procedure, so far as the record on appeal discloses the existence of such grounds. If it has been modified or corrected upon any or all of the grounds mentioned in section 2375, he may insist that it should have been confirmed in toto or not modified and corrected to the extent ordered in the court below. We do not understand the decision of the New York general term (the Poole Case) to imply that the right of appeal referred to by section 2381 of the Code confers upon the appellate tribunal any power to interfere with the statutory award of arbitrators for any error of law or fact involved in their determination. That case, as we read it, merely holds that the questions which might be raised upon motion to vacate, modify, or correct the award may be raised upon an appeal from a judgment based on an order confirming, modifying, or correcting the same, notwithstanding the omission of the aggrieved party to seek his remedy in the first instance by moving under sections 2374 and 2375 of the Code, provided such questions are presented in the record which comes before the appellate court. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.