(38 Misc. Rep. 582.)

### DOBSON et al. v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Special Term, New York County. August, 1902.)

**1. AWARD—SETTING ASIDE—GROUNDS.**

Under Code Civ. Proc. §§ 2374, 2375, providing that an award by arbitrators can be attacked only on the ground of fraud, corruption, or mistake, on motion an award cannot be set aside on the merits of the controversy.

**2. SAME—REVIEW IN EQUITY.**

An award cannot be reviewed in equity for alleged mistakes of law, where the arbitrator honestly decided the case consistently with the legal principles which he believed to be the law.

**8. CARRIERS—BILL OF LADING—INJURY TO GOODS.**

Where a bill of lading stipulates against liability for any loss by wet, evidence that the goods were wet when delivered to the consignees, and were two days beyond the usual time in being delivered, is insufficient to show that the loss by wet occurred through negligence rendering the carrier liable.

Action by John and James Dobson against the Central Railroad Company of New Jersey to set aside the award of the arbitrator. Demurrer of defendant to the complaint sustained.

George L. Carlisle, for plaintiffs.
De Forest Bros. and Johnston De Forest, for defendant.

WRIGHT, J. It appears from the complaint that on May 19, 1902, the plaintiffs delivered to the defendant, at Laurel Hill, Pa., 15 cases of velours, in good order, to be transported to New York City. The plaintiffs received a bill of lading for the goods. Eleven of the cases arrived in New York on the following Monday, the 21st, in good order. The other four cases were delayed, not reaching New York till the following Wednesday, May 23d. Two of these cases arrived wet, and damaged thereby. The plaintiffs claiming damages, the matter in controversy was, by mutual consent, submitted to an arbitrator, under the provisions of the Code. The award was in favor of the defendant, was duly confirmed, and no motion has been made to vacate, modify, or correct it, nor has an appeal been taken from the judgment or the order of confirmation. The plaintiffs claim that the arbitrator erred in his conclusions of law, and bring this action in equity to have the award vacated on that sole ground.

1. Has this court any jurisdiction to afford the plaintiffs relief in this case, assuming that the arbitrator erred as claimed? The only method of attacking an award is by motion to vacate, modify, or correct it on the ground of fraud, corruption, misconduct, or other reason enumerated in sections 2374 and 2375 of the Code of Civil Procedure. In re Wilkins, 169 N. Y. 494, 62 N. E. 575. No such motion having been made, and the motion for confirmation not having been opposed, the plaintiffs have waived any right which they had under those sections. In those sections there is no reference to the right of a defeated party to move to set aside an award upon the

¶ 2. See Arbitration and Award, vol. 4, Cent. Dig. §§ 314, 315.

merits of the controversy.  In Re Wilkins, 48 App. Div. 438, 62 N.
Y. Supp. 1068, Goodrich, P. J., says:

"As to the matters which may be reviewed upon an appeal from such a
judgment (based on an order confirming, modifying, or correcting the award),
the appellate court can consider only such questions as might have been
raised upon a motion to vacate, modify, or correct the award."

Martin, J., in affirming the Wilkins Case, says:

"An award is conclusive and final as to the questions decided, unless it
is modified, corrected, or vacated in the manner and upon the specific
grounds provided by statute."  169 N. Y. 499, 62 N. E. 577.

The plaintiffs' counsel urges that it appears from the face of the
award that the arbitrator intended to decide the case according to
law, but that he failed therein, and that, therefore, a court of equity
has jurisdiction to review the decision.  He cites Fudickar v. Insur-
ance Co., 62 N. Y. 392.  Judge Andrews in that case lays down the
rule as follows:

"It may also be set aside for error of law, when the question of law is
stated on the face of the award, and it appears that the arbitrators meant
to decide according to the law, but did not.  In this case the award is not
what the arbitrators themselves intended.  It is not, in fact, their judg-
ment."

The basis for the interposition of the court of equity in that case
is that the arbitrator failed to carry out his expressed intention with
reference to the application of a definite principle of law which he had
adopted as decisive of the case.  But to hold that the court will re-
view the case, and decide whether or not the arbitrator adopted the
correct rule, where the award shows that he decided the case con-
sistently according to the rule which he adopted, as in the case at bar,
is a radically different proposition from that laid down by Judge An-
drews.  In the first case the court would carry out the expressed in-
tention of the arbitrator, but in the second case it would do express
violence to his intention.  The law is not an exact science.  The
parties have agreed to accept and abide by the law as the arbitrator
understands and decides it to be, and to accept his interpretation of,
perhaps, divergent decisions.  In this case the able opinion of the
arbitrator clearly shows that he decided the case consistently, accord-
ing to the principles which he adopted and believed to be the law.
The parties are, therefore, forever bound by his decision on the law.

Judge Vann, in Sweet v. Morrison, 116 N. Y. 33, 22 N. E. 280,
15 Am. St. Rep. 376, says:

"The merits of an award, however unreasonable or unjust it may be, can-
not be reinvestigated; for otherwise the award, instead of being the end of
the litigation, would simply be a useless step in its progress."

Morris Run Coal Co. v. Salt Co. of Onondaga, 58 N. Y. 667;
In re Wilkins, 48 App. Div. 437, 62 N. Y. Supp. 1068; Perkins v.
Giles, 50 N. Y. 228.

If an arbitrator keeps within his jurisdiction, and is not guilty of
fraud, corruption, or other misconduct, his award is unassailable.
Masury v. Whiton, 111 N. Y. 679, 18 N. E. 638; Hoffman v. De
Graaf, 109 N. Y. 638, 16 N. E. 357; McGregor v. Sprott (Sup.) 13
N. Y. Supp. 191; In re Wilkins, 169 N. Y. 494, 62 N. E. 575.  The

award will not be set aside because the arbitrators were mistaken in the law they applied to the facts, or decided the case on an erroneous theory. Goddard v. King, 40 Minn. 164, 41 N. W. 659. Nor for errors of judgment, however great. Turnbull v. Martin, 37 How. Prac. 21; Smith v. Cutler, 10 Wend. 589, 25 Am. Dec. 580; Ketcham v. Woodruff, 24 Barb. 147; Cranston v. Kenny's Ex'rs, 9 Johns. 212; Morris v. Ross, 2 Hen. & M. 408; Beach, Mod. Eq. Jur. § 60, p. 60. And a liberal interpretation is given to uphold an award when it is not attacked for corruption or misconduct of the arbitrators. Phillips v. Rouss, 7 N. Y. St. Rep. 380; Curtis v. Gokey, 68 N. Y. 300. Under these authorities there is no question properly before this court, and the effort to turn this court of equity into a court of appeal to review alleged mistakes of law must necessarily fail.

2. Did the arbitrator err in law as alleged? He found that there was a special contract between the plaintiffs and defendant limiting the defendant's liability in case of damage suffered by wetting. This contract was printed on the bill of lading in the following language: "No carrier or party in possession of all or any of the property herein shall be liable for any loss thereon or damages by * * * wet." The plaintiffs' counsel claims that this bill of lading was a mere notice of limited liability, and did not amount to a special contract binding upon the plaintiffs, because they failed to read it. To support this contention he cites Blossom v. Dodd, 43 N. Y. 264, 3 Am. Rep. 701. In that case a baggage express receipt was involved, and a distinction is clearly drawn between a bill of lading and such a receipt. Church, J., at page 269, says:

"As to bills of lading and other commercial instruments of like character, * * * persons receiving them are presumed to know, from their uniform character and the nature of the business, that they contain the terms upon which the property is to be carried. But checks for baggage are not of that character, nor is such a card as was delivered in this instance. * * * A person is not presumed to know its contents, or to assent to them."

A bill of lading is not mere notice. It contains the terms on which the property is carried, and the receiver of the bill of lading is presumed to know its contents, and is bound thereby. Blossom v. Dodd, 43 N. Y. 269, 3 Am. Rep. 701; Germania Fire Ins. Co. v. Memphis & C. R. Co., 72 N. Y. 90, 28 Am. Rep. 113; Hill v. Syracuse, Binghamton & N. Y. R. R. Co., 73 N. Y. 351; Belger v. Dinsmore, 51 N. Y. 166, 10 Am. Rep. 575; Soumet v. Express Co., 66 Barb. 284; Bishop v. Transportation Co., 48 How. Prac. 119; The Thames v. Seaman, 81 U. S. 98, 20 L. Ed. 804; Vandewater v. Mills, 60 U. S. 82, 15 L. Ed. 554; The Delaware, 81 U. S. 597, 20 L. Ed. 779; O'Brien v. Gilchrist, 34 Me. 554, 56 Am. Dec. 676; 4 Am. & Eng. Enc. Law (2d Ed.) 516. The arbitrator was, therefore, correct in holding that the bill of lading constituted a special contract between the plaintiffs and defendant, and that the plaintiffs were bound by its terms, whether they read them or not; there being no claim that ignorance of the terms was due to any fraud or deception practiced upon the plaintiffs in relation thereto. The arbitrator further held that, since the special contract of limited liability existed between the plaintiffs and defendant, the defendant was not liable for any damage

done by wetting, unless such wetting occurred through its negligence, and that such negligence must be affirmatively proved by the plaintiffs. This position also is upheld by authority. Lamb v. Transportation Co., 46 N. Y. 271, 7 Am. Rep. 327; Whitworth v. Railway Co., 87 N. Y. 413. The arbitrator further held that the plaintiffs had failed to prove affirmative negligence on the part of the defendant. The plaintiffs proved that the defendant received the goods in good order, but failed to deliver them in the usual time by two days, and that they were wet when delivered. The delay of a couple of days in carrying freight is not inconsistent with due care en route; neither is the mere fact that the goods were wet, when delivered by the defendant at their destination, proof of negligence. Where a bill of lading exempted liability from damage caused by fire, and the goods were destroyed by fire, it was held that that fact was not sufficient to justify the inference of negligence, and that the burden was still on the plaintiff to establish that the fire resulted from the negligence or breach of duty of the defendant. Whitworth v. Railway Co., 87 N. Y. 413; Lamb v. Transportation Co., 46 N. Y. 280, 7 Am. Rep. 327; Liberty Ins. Co. v. Central Vermont R. Co., 19 App. Div. 509, 46 N. Y. Supp. 576; Stewart v. Stone, 127 N. Y. 500, 28 N. E. 595, 14 L. R. A. 215; Grieve v. Railroad Co., 25 App. Div. 518, 49 N. Y. Supp. 949. The fact proved that on another occasion the plaintiffs' goods were shipped by the defendant in a "sweating" car is not evidence of negligence in this case, where there is no evidence that such a car was used to transport these goods. In considering all the facts proved, it must be held that they fail to justify the inference of negligence in this case. Since this court has no authority to vacate the award herein, and no error being found in the conclusions of the arbitrator, the demurrer must be sustained for each of these reasons, and the complaint dismissed, with costs.

Demurrer sustained, and complaint dismissed, with costs.