RUTLAND RAILROAD COMPANY, Plaintiff, *v.* HENRY I. DOUD, Defendant.

County Court, Franklin County, April 22, 1929.

*Caulwell & Caulwell,* for the plaintiff.

*Geo. J. Moore,* for the defendant.

LAWRENCE, J. The action was tried in Justice Court without a jury and resulted in a decision for the plaintiff in the sum claimed. Appeal was taken to the County Court for a new trial. At the trial in County Court at the close of the evidence a motion was made by the plaintiff for a directed verdict, which was denied for the purpose of submitting the case to the jury. It was so submitted and resulted in a verdict of no cause of action. Motion was thereupon made to set aside the verdict as against the law and the evidence and for a new trial. Such motion is now entertained.

The undisputed facts were that on and prior to May 30, 1927, the defendant had a carload of potatoes on the siding of the New York Central railroad at Gabriels, N. Y.; that after the car was loaded, a bill of lading was signed by the shipper and the agent and retained by the shipper. This was on May 31, 1927. There was a dispute as to the date of the bill. The plaintiff claims it was dated May 31, 1927, and that the shipment was to move by next freight train. The shipper says it was dated June first; that it was to move then and that the rate was to be the June rate.

The rate was a minimum carload rate and in May the rate for such car was on the basis of 36,000 pounds and on June first it changed so that the minimum car was 30,000 pounds. Freight was thereafter paid according to the June rate, or $109.50. The May rate would be $131.40, or $21.90 more for the extra 6,000 pounds, and for this the plaintiff sues.

The original destination of the shipment was Malone, N. Y. On June second, after the shipment had left Gabriels and before it arrived at Malone, there was a communication between the shipper and the agent at Gabriels by which the shipment was diverted to Ogdensburg, N. Y., as the potatoes had been sold by the shipper to a customer at that place and on June second a substitute bill of lading was made out pursuant to which the car was continued to Ogdensburg from Malone over the line of the plaintiff between these two points.

The defendant contends that as the original shipment was to Malone, in which the plaintiff would not be interested as it would not travel over plaintiff's line, and that as it became interested in the shipment only on June second under the substitute bill of lading, it had no rights or obligations until on or after June second, and that as to the plaintiff, therefore, the June rate must prevail. My understanding is that all matters of reconsignment must be based on the original bill of lading and that the contract of shipment was complete when the bill of lading was executed and delivered. (*Porter* v. *Lehigh Valley R. R. Co.*, 194 App. Div. 139, 142.)

The defendant contends that the Interstate Commerce Act and the Public Service Commission Law is in derogation of the common-law right of contract and does not forbid an agreement to ship at a later date than when the bill of lading was actually issued and delivered, which was concededly on May thirty-first, and that as there was a dispute regarding the time the car was to be shipped (the defendant claiming it was to be shipped June first) the verdict should not be disturbed and payment under the June rate should prevail and be sufficient.

This brings us to the question of the surrender of the car and

whether the delivery and acceptance of the bill of lading was conclusive on the question of the rate to apply. Both parties state that the bill of lading was made and delivered on May 31, 1927, and the plaintiff claims that such delivery is conclusive and that the rate in force at that time governs the amount to be charged.

The bill of lading provides that the shipment was received subject to classification and tariff in effect on the date of the issue of the bill of lading.

*Long* v. *New York Central R. R. Co.* (50 N. Y. 76) holds that a bill of lading, in the absence of fraud or mistake, is the sole evidence of the agreement of the parties. By it duties and liabilities are regulated and resort cannot be had to prior parol negotiations to vary its terms.

To the same effect is *Bishop* v. *Empire Transportation Co.* (48 How. Pr. 119); *Germania Fire Ins. Co.* v. *M. & C. R. R. Co.* (72 N. Y. 90); *Loomis* v. *N. Y. C. & H. R. R. R. Co.* (203 id. 359).

It may be that the freedom of contract under the common law might make possible an agreement for shipment on a later date, but such agreement under the present law would of itself in my judgment amount to discrimination.

Motion to set aside the verdict and for a new trial is granted, and an order to that effect may be submitted.