E. Howard Ringrose, J.
John Storm, doing business as storm feed company, the plaintiff herein, moves pursuant to rule 113 of the Rules of Civil Practice for summary judgment against the defendant, the Pennsylvania Railroad Company (hereafter referred to as “ Pennsylvania ”).
The action was commenced by Storm against Pennsylvania as the original or initial carrier, to recover the sum of $1,056.55, with interest and costs, being the value of a shipment of bulk hominy, shipped on or about February 17, 1940 from Paris, Illinois, under a uniform order bill of lading to Schatzel Feed Store, at Leonardsville, New York. The shipment was over the lines of Pennsylvania, the initial carrier; the Delaware, Lackawanna & Western Railroad, as connecting carrier, and the TJnadilla Valley Railway Company (hereafter referred to as “ Unadilla ”), the final or terminal carrier.
The car containing the shipment of hominy arrived over the TJnadilla lines at the Schatzel Feed Store on or about February 25, 1960, and it is assumed the car was switched to a spur track for unloading.
The car was unloaded or caused to be unloaded by Shatzel on the following day, without surrendering or delivering up the paid bill of lading under which the hominy was shipped.
Following the commencement of the above action by Storm and the service by Pennsylvania of its answer, the latter commenced an action as defendant and third-party plaintiff against TJnadilla, third-party defendant, and concurrently moves for summary judgment against the third-party defendant, TJnadilla, for the amount of any judgment rendered against it in favor of the plaintiff Storm, together with costs and disbursements of the action.
The third-party defendant TJnadilla thereupon commenced an action as third-party defendant and third-party plaintiff against Stuart I. Shatzel and Wirthmore Feeds, Inc., third-party defendants, in which judgment is sought against Shatzel and Wirthmore Feeds, Inc., for any sum that may be recovered against it by defendant and third-party plaintiff, Pennsylvania, together with the costs and disbursements of the action.
*759 It is conceded by Pennsylvania in its memorandum that the liability of a common carrier, as such, for loss or damage to goods delivered to it for transport, is substantially equivalent to that of an insurer. This concession is in accordance with the plain import of the language of the Carmack Amendment to the Interstate Commerce Act. (U. S. Code, tit. 49, § 20, subd. [11]; Cincinnati & Tex. Pac. Ry. v. Rankin, 241 U. S. 319, 326; Barnet v. New York Cent. & H. R. R. R. Co., 222 N. Y. 195, 198; Scire v. American Export Lines, 197 Misc. 422; Mottla, Proof of Cases in New York, § 459, p. 283; 7 N. Y. Jur., Carriers, § 178, p. 167.)
The liability of a common carrier was defined in the Scire case (supra, p. 429) as follows: “ The defendant as a common carrier, by force of its public employment, became an insurer of the property entrusted to its care and liable for its loss, irrespective of the cause, unless from the act of God or the public enemy. Involved in this greater liability and absorbed by it was a lesser liability as bailee for hire; of no consequence while the greater liability existed, but surviving the destruction of that, so that when the carrier ceased to be liable as carrier, it yet remained liable as bailee. (Wheeler v. Oceanic Steam Navigation Co., 125 N. Y. 155, 160.) ”
It is suggested in the memorandum submitted on behalf of the defendant and third-party plaintiff, Pennsylvania, that if the status of Unadilla had become that of warehouseman at the time that the shipment was removed from the car, then the carrier would be required only to exercise reasonable care for the safety of the shipment and liability would be incurred only upon proof of negligence, citing Grieve v. New York Cent. & H. R. R. R. Co. (25 App. Div. 518); Chalmers v. New York Cent. R. R. Co. (175 App. Div. 239); Dodge & Dent Mfg. Co. v. Pennsylvania R. R. Co. (175 App. Div. 823).
However, there is no allegation in the complaint of Unadilla, third-party defendant and third-party plaintiff, against Shatzel, third-party defendant, that the status of the carrier had become that of warehouseman, and no facts alleged from which such an inference reasonably could be drawn. If an issue of this nature was raised, either in the answer or opposing affidavit, it would be available to the defendant, Pennsylvania, in the action by Storm (Civ. Prac. Act, § 193-a; Mansfield Iron Works v. Silveri, 106 N. Y. S. 2d 496, 497; Dodge & Dent Mfg. Co. v. Pennsylvania R. R. Co., supra).
It is alleged in paragraph “ 5 ” of the verified complaint of Unadilla, third-party defendant and third-party plaintiff, against Wirthmore Feeds, Inc., that on February 26, 1960, the *760 day following that on which the car containing the hominy was left on the siding at Shatzel Feed Store, the car was broken into and the hominy unloaded by the manager of the Shatzel Feed Store, without authority or permission of Unadilla, and without surrender of the paid bill of lading.
It thus appears that the car containing the shipment of hominy was not on the siding for unloading a sufficient length of time to warrant the inference of a change in the status of the carrier to that of warehouseman. Moreover, any change in the relationship of the carrier and shipper by operation of law, would be an affirmative defense and should be pleaded. (4 CarmodyWait, New York Practice, § 43, p. 374.)
Since the shipment of hominy was lost while in the possession of and under the control of the terminal carrier, Unadilla, the motion of the plaintiff, John Storm, doing business as Storm Feed Company, for summary judgment against Pennsylvania, in the amount of $1,056.55, with interest and costs, should be granted, and the answer of the defendant, Pennsylvania, dismissed.
The motion of Pennsylvania, defendant and third-party plaintiff, for summary judgment against Unadilla, third-party defendant, should be granted in the amount of $1,056.55, with interest and costs, and the amount of any expense reasonably incurred by it in defending the action brought by the plaintiff, John Storm. (U. S. Code, tit. 49, § 20, subd. [12].)
The action of Unadilla, third-party defendant and third-party plaintiff, against Stuart I. Shatzel and Wirthmore Feeds, Inc., third-party defendants, should be severed for trial as there are triable controversial issues raised by the conflicting allegations of fact in the pleadings and affidavits of the respective parties to this action.
It will be noted in this connection that prior to February 29, 1960, which includes the period within which this controversy developed, the Shatzel Feed Store at Leonardsville, New York, was owned and operated as a branch store by Maritime Milling Company of Buffalo, New York.
It is alleged in the verified answer of Wirthmore Feeds, Inc., third-party defendant and third-party plaintiff, that for a period of upwards of four years it had been the custom and practice of the agents of Maritime Milling Company in charge of Shatzel Feed Store to unload freight from cars of Unadilla consigned to Shatzel Feed Store before surrendering or delivering the order bill of lading to the agents of Unadilla and such practice was sanctioned by the agents of Unadilla.
*761 If these allegations are established on the trial, the jury may find that surrender of the paid bill of lading was waived by Unadilla, which constitutes a valid defense to the claim of theft alleged by Unadilla. It would not, however, constitute a valid defense to the action by the plaintiff Storm or to the action by Pennsylvania, as third-party plaintiff.
It also is alleged in the answer by Wirthmore Feeds, Inc., third-party defendant, that Maritime Milling Company on or about March 14,1960, made a general assignment for the benefit of its creditors to David J. Goldstein and Louis Sternberg, which is still in effect.
It is alleged in the complaint of Unadilla, third-party defendant and third-party plaintiff, in its action against Wirthmore Feeds, Inc., third-party defendant (par. No. “ 3 ”), that on or about February 29, 1960, the latter purchased the inventory assets of Maritime Milling Company, including the entire inventory of its branch store, known as the Shatzel Feed Store at Leonardsville, New York.
Although Unadilla, third-party defendant, has not moved for summary judgment in its action against Shatzel and Wirthmore Feeds, Inc., it is evident that the relief could not be successfully urged in view of the conflicting factual issues raised by the pleadings and opposing affidavits, and the inferences reasonably to be drawn therefrom. (Rules Civ. Prac., rule 113, subd. 2; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404.)