or unconditional purchase of stock of kindred corporations, even to the extent of working a merger, I have no right to intrude upon this application with an expression of the same, and I am not to allow it to control or swerve me for a moment in determining this application. The statutes are upon our books, and the duty of the court is to interpret and apply, not to enact, legislation. Whatever this company, therefore, did in the purchase of these stocks of kindred corporations, was done under valid existing legislation, which has been given judicial sanction, and the same does not constitute an abuse of corporate powers that would call for a revocation of its charter. To use a homely simile in illustration of the nature of the application in reference to this particular feature, it would be as though a child, having sought and received a parent's permission to do a certain thing, and then feeling that the permission thus granted was in conflict with other orders and directions of the parent previously given, went to him and called his attention to the same. Thereupon the father, reiterating the permission, instructed the child and relieved him of his doubt, and then, he doing precisely what the permission originally granted and under the approbation, if not the guidance and instruction, of the parent, the parent would seek authority to strangle his offspring for the act he directed the child to perform and approved of his doing. If that is not precisely what this application is the equivalent of, I am greatly in error.

The motion is denied. Settle order on notice.

---

(56 Misc. Rep. 128)

### In re INTERBOROUGH METROPOLITAN CO.

(Supreme Court, Special Term, New York County. September 14, 1907.)

COURTS—RULES OF DECISION—CONSTRUCTION OF STATUTES.

    The construction of a statute by the Supreme Court of the state, unless clearly erroneous, should be followed by a justice sitting at Special Term, rather than the decision of a federal Circuit Court of similar jurisdiction.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 313.]

Application by the Attorney General for leave to commence an action against the Interborough Metropolitan Company. Motion denied.

U. S. Jackson, for the People.
Jas. L. Quackenbush, for the Railway Company.

HENDRICK, J. There is no substantial issue of fact on this application, nor is any attempt made, either in the answer or in the answering affidavits, to deny the material allegations of the petition. The questions to be decided are entirely questions of law, and those questions of law have been very recently decided by Mr. Justice McCall in this part of the court in the Matter of the Application of the Attorney General for Leave to Commence an Action against the Consolidated Gas Company of New York, 106 N. Y. Supp. 407. The opinion in that matter is in sharp conflict with the opinion recently handed

down by Mr. Justice Holt in the action of Burrows v. Interborough Metropolitan Company et al. (United States Circuit Court, Southern District of New York) 156 Fed. 389. The construction of statutes of this state by the Supreme Court of this state should be followed by a justice sitting at Special Term, rather than that of a foreign tribunal of similar jurisdiction. Indeed, the United States courts ordinarily follow the construction of the state statutes enunciated by the courts of the state in which the statutes were enacted.

I am urged by the learned Attorney General to disregard the opinion of Mr. Justice McCall, supra, and also to ignore the decision of the Appellate Division in this department in the case of Rafferty et al. v. Buffalo City Gas Co. et al., 37 App. Div. 618, 56 N. Y. Supp. 288, and to follow the opinion of Mr. Justice Holt, supra. I think, however, that the decision of the Supreme Court of this state upon a given question of law should be followed by courts of equal jurisdiction, to the end that without confusion the question involved may be definitely settled by the appellate tribunals. This is especially true where the decision is not clearly erroneous. Peel v. Elliott, 16 How. Prac. (N. Y.) 484; Bently v. Goodwin, 38 Barb. (N. Y.) 633–640; Loring v. United States, etc., 30 Barb. (N. Y.) 644; Celluloid Mfg. Co. v. Zylonite Co. (C. C.) 27 Fed. 295; Mayer v. Conover, 5 Abb. Prac. (N. Y.) 171–178. In Peel v. Elliott, supra, the court says:

"As this point seems to have been partially considered by one of my brethren, I do not feel at liberty to review that decision on this occasion; and, as it is a novel and important question, I deem it most judicious to deny the motion, to the end that the judgment of the General Term may be taken on the points presented."

This ruling was made in a case where the point involved had been only partially considered by one justice. Certainly the rule is of much greater force in this case, where the questions of law involved have by another justice of this court been very fully considered and determined within a very recent period.

In conformity with the opinion of Mr. Justice McCall, supra, the motion is denied.