On March 26, 1913, the plaintiffs shipped a carload of goods over the defendant's road from Rensselaer, New York, to a point in Maine. On the next morning this car was carried to the defendant's freight yard at Troy, New York, and left there on a switch track near a car containing unslacked lime. These yards were situated on the bank of the Hudson river. On the night of the 26th the water of the river had begun to rise. This rise was rapid, amounting to a fifth of a foot an hour until noon of the 27th, at which time it must have reached the tracks. Thereafter it continued to rise at the rate of a tenth of a foot an hour, until noon of the *Page 198 
28th, when the flood was at an unprecedented height. As a result it washed into the car of lime and during the afternoon of the 28th that car was set on fire, the fire spread to the car containing the plaintiff's goods and they were destroyed. This action is brought to recover for the loss so occasioned.
Under the Carmack amendment the carrier is made liable to the shipper of interstate freight for loss, damage or injury caused by it, and no contract may relieve it of such liability. This act makes uniform hitherto divergent state rules as to the effect of agreements contained in bills of lading, and state courts when considering interstate shipments are bound by it and by the interpretation put upon it by the Supreme Court of the United States. This legislation supersedes all the policies of the state upon the same subject. (Adams Express Co. v. Croninger,226 U.S. 491.)
This amendment does not, however, go further. It does not attempt to change the common-law rule as to the effect of an act of God in excusing the carrier where loss results proximately therefrom. In both the state and the United States courts where proof is given that goods are damaged in the hands of the carrier, the burden is upon him to show that the damage arose from some cause for which he was not liable. They differ, however, in this: In the United States courts where the carrier shows that the loss was occasioned by the act of God he has done all that is required. If the shipper then claims that the carrier's negligence also directly contributed to the injury, he must show that fact. In New York, on the other hand, the burden is upon the carrier to show both the act of God and his own freedom from contributing negligence. (Michaels v. N.Y.C.R.R.Co., 30 N.Y. 564; Read v. Spaulding, 30 N.Y. 630.) That is the only distinction. Both jurisdictions hold that the act of God to relieve the carrier must be the *Page 199 
immediate, direct and efficient cause of the loss. Neither excuse him if his own negligence also directly and proximately contributes to the result. They may have differed as to when negligence did so directly contribute, as in the case of delays. Not as to the rule, only as to its application. (Condict v.Grand Trunk Ry. Co., 54 N.Y. 500; Cormack v. N.Y., N.H. H.R.R. Co., 196 N.Y. 442; St. Louis, I.M. So. Ry. Co. v.Commcl. Un. Ins. Co., 139 U.S. 223; R.R. Co. v. Reeves, 10 Wall. 176.)
As to the question of proximate cause, when we have to do with interstate shipments we must follow the United States courts. If, however, the rule as to the burden of proof is simply a rule as to procedure and evidence we should be guided by our own precedents. For some purposes it has been so held by us. (Sackheim v. Pigueron, 215 N.Y. 62.) But in determining the boundary between state and federal jurisdiction the Supreme Court has held it to be a rule of substance. (Southern Rwy. Co. v.Prescott, 240 U.S. 632; Central Vt. Rwy. Co. v. White,238 U.S. 507.) We are bound by the federal decisions as the shipment was interstate.
The case was tried upon this theory. The jury was charged that the burden was on the plaintiffs to establish the defendant's negligence. This was right. The judgment must, therefore, be reversed unless there is affirmative evidence on which the jury might base a finding of negligence which directly contributed to the loss, for concededly it was caused by an extraordinary flood and such a flood is an act of God.
The plaintiffs charge negligence in that the car was left in close proximity to a car of lime in a locality that the defendant knew was likely to be submerged. During the trial it was also claimed that the defendant left the car on the track longer than it should have done, and that it was, therefore, caught in the flood, and also substantially that the defendant should have anticipated *Page 200 
the conditions in time to have removed the car from danger.
Apparently these three questions were what the trial judge intended to leave to the jury. The difficulty is that there is no evidence to justify a finding by the jury in favor of the plaintiffs upon any one of them. Remembering that this was an interstate shipment; remembering also, the decisions of the United States courts on that subject, we must hold that any alleged delay on the part of the defendant, or any action on its part in placing the car near the car of lime, even were there evidence of negligence with regard to such delay, or with regard to placing the car, was not the proximate cause of the loss. Nor is there any evidence that the defendant knew or should have known that the car was in danger at the time it placed it in the yard or in time to have permitted its removal. The flood was unprecedented as has been said, and no such warning was given, so far as appears, and no such physical conditions existed as to allow a jury to impute this knowledge.
The judgment appealed from should be reversed and a new trial granted, with costs to abide event.
HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO and CRANE, JJ., concur; HOGAN, J., concurs in result.
Judgment reversed, etc. *Page 201