## THE NEW ENGLAND FRUIT AND PRODUCE COMPANY *vs.* WALTER D. HINES, DIRECTOR GENERAL OF RAILROADS.

First Judicial District, Hartford, January Term, 1922.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The Carmack Amendment to the Federal Interstate Commerce Act (34 U. S. Stats. at Large, p. 584), does not oust the State courts of jurisdiction in cases of interstate shipments, but requires the rights and liabilities of the parties, in actions in a State court for damages arising from such a shipment, to be determined in accord with the Federal statutes relating thereto, and with the common-law rules as to the carrier's liability, as accepted and applied in the Federal courts. While matters respecting the remedy, such as the form of action, sufficiency of the pleadings, and rules of evidence, depend upon the law of the place where the suit is brought, matters of substance and of procedure must not be confounded, and the burden of proof is often more than a matter of procedure.

A carrier is not an insurer against delay in the transportation of goods.

The duty to deliver within a reasonable time is an implied contract engrafted by the law upon the common-law duty of a carrier to carry safely.

A stipulation in the uniform bill of lading, that the burden of proving freedom from negligence in the case of loss or damage resulting from a defect or vice in the property, shall be on the carrier, is valid and binding upon the parties.

In an action for damages resulting from the decayed condition in which a carload of green tomatoes, shipped in good order from Tennessee, arrived in Hartford, it appeared that both shipper and carrier signed a uniform bill of lading which contained such a stipulation as to burden of proof of freedom from negligence, and also an express agreement as to ventilation, namely, "vents open and plugs out." The plaintiff claimed the condition of the tomatoes was

caused by failure to transport and deliver within a reasonable time, by failure to fulfil the agreement as to ventilation, and by negligently failing to ventilate sufficiently during transportation. The court correctly charged the jury that the plaintiff had the burden of proving a breach of the contract as to ventilation, and that the defendant must prove freedom from negligence; and then it charged further, in effect, that the measure and extent of defendant's duty of ventilation was stated in the express contract. *Held* that this charge was erroneous, since the defendant remained a common carrier notwithstanding its express contract; and that in view of the inherent vice in the goods shipped, namely, their tendency to ripen and decay, the defendant must establish that it used reasonable care, which would perhaps require further steps as to ventilation, to prevent the decay of the goods before delivery.

A plaintiff who has set forth specific grounds of negligence can recover only on the grounds alleged.

The court may properly refuse to give requests to charge which are too indefinite, or which are mere statements of law in the abstract, without any setting of facts to make them applicable to the case in hand.

Argued January 4th—decided February 21st, 1922.

ACTION to recover damages for the alleged failure of the defendant to properly care for a carload of tomatoes during its transportation, brought to the Superior Court in Hartford County and tried to the jury before *Webb, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Jacob Schwolsky,* for the appellant (plaintiff).

*James W. Carpenter,* for the appellee (defendant).

CURTIS, J. This is an action to recover damages arising from the dead ripe and decayed condition in which a shipment of a carload of green tomatoes arrived in Hartford on July 7th, 1919, which shipment was delivered in good order to the carrier at Fruitlands, Tennessee, on June 28th, 1919.

This was a shipment in interstate commerce. Since

New England Fruit & Produce Co. *v.* Hines.

the amendment of June 29th, 1906, to the Interstate Commerce Act, known as the Carmack Amendment,* the rights and liabilities of the parties in actions relating to interstate shipments, in either the State or Federal courts, depend upon Acts of Congress, the bill of lading, and the common-law rules as accepted and applied in Federal tribunals. *Cincinnati, New Orleans & Tex. Pac. Ry. Co.* v. *Rankin,* 241 U. S. 319, 36 Sup. Ct. 555.

The Carmack Amendment, as construed by the Federal courts, was passed with the intent to bring interstate shipments and contracts of interstate shipments under one uniform rule of law, not subject to the various policies and legislation of particular States. The statutes of the several States and the policies of the common law therein enforced by their courts in regard to interstate shipments, are made

---

*Carmack Amendment, 34 U. S. Statutes at Large, 584, 595: "That any common carrier, railroad, or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed: *Provided,* That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law.

"That the common carrier, railroad, or transportation company issuing such receipt or bill of lading shall be entitled to recover from the common carrier, railroad, or transportation company on whose line the loss, damage, or injury shall have been sustained the amount of such loss, damage, or injury as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment, or transcript thereof."

See, also, 1st Cummins Amend., March 4th, 1915, 38 U. S. Statutes at Large, 1196; 2d Cummins Amend., August 9th, 1916, 39 U. S. Statutes at Large, 441.

subordinate to the Acts of Congress and to the common-law rules and policies accepted and applied by the Federal tribunals. *Adams Express Co.* v. *Croninger*, 226 U. S. 491, 33 Sup. Ct. 148. The common law as to common carriers, as accepted and applied in Federal tribunals, in harmony with the Carmack Amendment, is still operative. *Cincinnati, New Orleans & Tex. Pac. Ry. Co.* v. *Rankin*, 241 U. S. 319, 36 Sup. Ct. 555; *Galveston, Harrisburg & S. A. Ry. Co.* v. *Wallace*, 223 U. S. 481, 32 Sup. Ct. 205; *New York, P. & N. R. Co.* v. *Peninsula Produce Exchange*, 240 U. S. 34, 36 Sup. Ct. 230; *Chicago, M. & St. P. Ry. Co.* v. *Salon*, 169 U. S. 133, 18 Sup. Ct. 289; *Chicago & E. I. R. Co.* v. *Collins Produce Co.*, 249 U. S. 186, 39 Sup. Ct. 189; *Louisville & N. R. Co.* v. *Warfield & Lee*, 6 Ga. App. 550, 65 S. E. 308. The Carmack Amendment does not oust the State courts of jurisdiction in cases of interstate shipments, but requires that the rights and liabilities of the parties in actions in a State court for damages arising from an interstate shipment, shall be determined in accord with the Federal statutes relating to interstate shipments, and by the common-law rules as to common carriers' liability accepted and applied in the Federal courts. *Cincinnati, New Orleans & Tex. Pac. Ry. Co.* v. *Rankin*, 241 U. S. 319, 36 Sup. Ct. 555; *Galveston, Harrisburg & S. A. Ry. Co.* v. *Wallace*, 223 U. S. 481, 32 Sup. Ct. 205.

There is "no doubt of the general principle that matters respecting the remedy—such as the form of action, sufficiency of the pleadings, rules of evidence . . . —depend upon the law of the place where the suit is brought. . . . But matters of substance and procedure must not be confounded because they happen to have the same name." The burden of proof is often more than a matter of procedure. *Central Vermont Ry. Co.* v. *White*, 238 U. S. 507, 511, 35 Sup.

Ct.. 865; *Barnet* v. *New York Central & H. R. R. Co.,* 222 N. Y. 195, 118 N. E. 625.

This action, based on an interstate shipment, may therefore be tried in our courts under our rules of pleading and evidence, but upon the trial our courts must be governed by the Federal statutes relating to interstate shipments and by the common-law rules as to common carriers' liability accepted and applied in the Federal courts.

The shipper, in its complaint in this case, alleges a delivery on June 28th, 1919, in good order to the defendant, a common carrier, at Fruitlands, Tennessee, of a carload of green tomatoes for transportation to Hartford, Connecticut, and that the car of tomatoes was tendered for delivery at Hartford in a dead ripe, decayed and spoiled condition on July 7th, 1919. It alleges, in effect, as grounds of recovery, that such condition of the tomatoes was caused (1) by the failure of the defendant carrier to transport and deliver the tomatoes within a reasonable time; (2) that the bill of lading provided that the defendant should keep the vents and plugs of the car open for ventilation during transportation, and that the defendant failed to do so; (3) that the defendant negligently failed to ventilate the car sufficiently during transportation to protect the tomatoes from decay before delivery.

The first and second grounds of recovery are contractual. The first is based on the contract implied at common law to deliver the goods within a reasonable time, where there is no express agreement as to time of delivery. "A carrier is not an insurer against delay in the transportation of goods." 10 Corpus Juris, 283. The duty to deliver within a reasonable time is an implied contract, engrafted by the law upon the common-law duty of a carrier to carry safely. *New York, P. & N. R. Co.* v. *Peninsula Produce Exchange,*

240 U. S. 34, 36 Sup. Ct. 230; 10 Corpus Juris, 283; 2 Hutchinson on Carriers (3d Ed.) § 651. The second ground of recovery is based on an express contract, alleged as appearing in the bill of lading, that the carrier would keep the vents and plugs of the car open for ventilation during transportation. As to these grounds of recovery, based upon a breach of contract, the burden of proof is upon the plaintiff to establish the breaches claimed. There was no error, therefore, in the charge of the court to that effect as to the contract to keep the vents and plugs open. The 5th and 20th assignments of error are therefore untenable.

The third ground of recovery as alleged in the complaint is, in effect, that the defendant neglected to ventilate the car sufficiently during transportation to protect the tomatoes from decay before delivery.

The shipment was of perishable goods with an inherent vice, namely, their tendency to ripen and decay. In the absence of a stipulation in the bill of lading as to the burden of proof, the burden of proof under the Federal rule would seem to fall upon the shipper to prove that the negligence of the carrier was a proximate cause of the decay of the tomatoes before their delivery. *Clark* v. *Barnwell*, 53 U. S. (12 How.) 272; *Western Transp. Co.* v. *Downer*, 78 U. S. (11 Wall.) 129; *Memphis & C. R. Co.* v. *Reeves*, 77 U. S. (10 Wall.) 176; *Barnet* v. *New York Central & H. R. R. Co.*, 222 N. Y. 195, 118 N. E. 625. Although the plaintiff did not base its action in its complaint upon the contract of affreightment (the bill of lading) exclusively, or make it part of its complaint, nor did the defendant carrier refer to it in its answer, yet in the finding of the court as to what facts the parties offered evidence to prove and claimed to have proved, it appears that the plaintiff offered the bill of lading in evidence and made it an exhibit in the case, and that the defendant

offered evidence in regard to the issuance of the waybill. In view of these facts, we are of the opinion that the rule as to the burden of proof provided in the bill of lading should be deemed the rule applicable to this case. Furthermore, there is law to the effect that since the Interstate Commerce Commission prescribed a uniform bill of lading, all shipments should be deemed to be under the rights and liabilities of the uniform bill of lading. *Standard Combed Thread Co.* v. *Pennsylvania R. Co.*, 88 N. J. L. 257, 95 Atl. 1002. This, however, would not mean that if the carrier relied upon any stipulations in the bill of lading to exempt him from a common-law liability, he need not plead the same under our system of code pleading. 10 Corpus Juris, 368. The bill of lading in this case provides as follows in part: "Except in case of negligence of the carrier . . . (and the burden to prove freedom from such negligence shall be on the carrier. . .), the carrier . . . shall not be liable for loss or damage . . . resulting from a defect or vice in the property." The court, therefore, properly charged the jury as follows: "While carriers of perishable fruits and vegetables, as I have said, are not insurers in such cases against loss or damage arising from the well known tendency of such products to decay, yet, as processes of decay may be retarded or hastened by the acts of the carrier, the burden is on the carrier to show that the damaged condition in which the claimed shipment of tomatoes were when they arrived in Hartford, was not the result of its own negligence or lack of due and reasonable care under all of the circumstances surrounding this shipment as disclosed by the evidence." No question is raised on this appeal as to the power of the parties, or of the Interstate Commerce Commission in its uniform bill of lading, to make such a stipulation as to the law in regard to the burden of proof to be applied

in a trial upon a case between a shipper and carrier. This has been questioned in *Alaska S. S. Co.* v. *United States*, 259 Fed. Rep. 713, 253 U. S. 113, 40 Sup. Ct. 448. See also *Gaffney* v. *Royal Neighbors of America*, 31 Idaho, 549, 174 Pac. 1014; *Chicago, M. &. St. P. Ry. Co.* v. *McCaull-Dinsmore Co.*, 253 U. S. 97, 40 Sup. Ct. 504.

The plaintiff does not complain of the charge just quoted, but complains that the court, by its entire charge, withdrew from the jury any consideration of any methods that might have been open to the carrier to further ventilate the car than by keeping vents open and plugs out during the time of transportation, and especially during the admitted time that the car was delayed awaiting connections at Harlem River, to wit: from the morning of July 5th to 9 o'clock p. m. July 6th, in order to determine whether the carrier had used reasonable care in the premises. The court charged as follows: "In this case the bill of lading signed by both the shipper and defendant, contains the words 'vents open and plugs out.' They imply that the shipper requested and the defendant undertook to render the service thus described. So far as ventilation is concerned, those words are the sole measure of defendant's liability. In so far as the ventilation is concerned, those words are the sole measure of the defendant's liability; that is, those words 'vents open and plugs out.' If the defendant performed that service, the plaintiff cannot recover for any alleged breach thereof. In order to recover of the defendant for any failure on its part in that respect, the burden of proof is on the plaintiff to establish by the weight of credible evidence that during the whole or part of the transportation of the freight in question, the defendant failed to keep the vents open and plugs out, and that that failure was the sole proxi-

mate cause, or the proximate contributing cause, of the condition of the shipment as to its being overripe or rotten on its arrival at destination." The court, in its charge elsewhere, recognized that the complaint alleged the third ground of recovery noted above, to wit, that the defendant negligently failed to ventilate the car sufficiently during transportation to protect the tomatoes from decay before delivery; but it is apparent from a consideration of the entire charge that the court deemed that the alleged contract of the carrier, to keep the vents open and plugs out, limited the carrier's obligation as to ventilation to the performance of this alleged contractual duty. This further appears from the following excerpt from the charge: "We come to what I conceive to be, gentlemen, the real two points of controversy in this case; first, was there a breach of that general duty of the defendant as a common carrier to ship this carload of merchandise with reasonable dispatch? That is one controverted issue of fact that it will be your exclusive province and duty to determine, and as to that duty I may say, as I have already instructed you, that the burden of proof is on the defendant to show you from all the evidence in the case that it did ship and transport this carload of tomatoes without unreasonable delay, and with reasonable dispatch. The other issue is whether or not the defendant complied with its contractual obligations specified in this bill of lading to ship these tomatoes in a car with vents open and plugs out in order to secure, as is manifest from what we now know about the case, adequate ventilation of the car. Upon that issue, the burden of proof is on the plaintiff. The plaintiff must satisfy you, before you can find the defendant in default of that contractual obligation, by a fair preponderance of the evidence, that the defendant failed to comply with that obligation, and failed to

keep the vents open and the plugs out in this car while it was in transit."

The fact that there was a contractual obligation to perform some specific acts as to ventilation set up in the bill of lading, does not necessarily establish that the common-law duty of the carrier to use reasonable care to prevent the decay of perishable goods before delivery no longer continues. Although a contract of shipment (bill of lading) is entered into, the carrier is still a common carrier. *New York Central R. Co.* v. *Lockwood*, 84 U. S. (17 Wall.) 357; *Mears* v. *New York, N. H. & H. R. Co.*, 75 Conn. 171, 52 Atl. 610. The fact that under the charge the jury probably found that there was no unreasonable delay in the transportation, does not affect this contention of the plaintiff. The delay at Harlem River may have been reasonable, yet it was delay, and because of such delay reasonable care of the goods may have required further action to be taken as to ventilation. A claim that the mere fact that there was a contract obligation of any kind as to ventilation, excuses the carrier from taking any other reasonable precautions as to ventilating the tomatoes, although reasonable care required further steps to be taken, is untenable. Under such a claim a carrier could indirectly contract to free himself from his own negligence. "That a common carrier cannot exempt himself from liability for his own negligence or that of his servants is elementary." *Adams Express Co.* v. *Croninger*, 226 U. S. 491, 509, 33 Sup. Ct. 148; *Boston & Maine Railroad* v. *Piper*, 246 U. S. 439, 38 Sup. Ct. 354; *Mears* v. *New York, N. H. & H. R. Co.*, 75 Conn. 171, 52 Atl. 610. Therefore the plaintiff's fourth assignment of error is well taken.

The plaintiff in its complaint alleges two breaches of contract, and an allegation of negligence. The specific allegation of negligence arose, no doubt, from

the obvious inherent vice in the goods. It does not allege a breach of contract as to refrigeration or icing, nor any negligence as to icing the car. Having set forth specific grounds of negligence, it can recover only on the grounds alleged. 10 Corpus Juris, p. 361; *Hurst* v. *St. Louis & S. F. R. Co.*, 117 Mo. App. 25, 94 S. W. 794. There was, therefore, in the case no basis for a judgment for negligence as to icing. The court's rulings and charge, to the effect that the matter of icing the car was irrelevant to the case presented, was correct.

As to the remaining reasons of appeal not specifically referred to above, they are untenable. As to the plaintiff's requests to charge, they are for the most part "mere statements of law in the abstract, without any setting of facts making them applicable to the case"; and such requests the court properly refused. *Kelley* v. *Torrington*, 80 Conn. 378, 68 Atl. 855. Others were too indefinite to be given, or were sufficiently covered in the charge.

Other reasons of appeal, if they disclose misstatements, disclose only harmless misstatements.

There is error and a new trial is ordered.

In this opinion the other judges concurred.