JAMES H. MURNAN, Appellant, *v.* WABASH RAILWAY COMPANY, Respondent.

Second Department, April 14, 1927.

Corporations — foreign corporations — action under Federal Employers' Liability Act by non-resident against foreign corporation — accident forming basis of action occurred in another State — foreign corporation was doing business here at time action was commenced — General Corporation Law, § 47, subd. 4, is not unconstitutional — our courts are, under Federal Employers' Liability Act, § 6, without discretion to entertain or decline jurisdiction of action.

This is an action to recover under the Federal Employers' Liability Act for injuries suffered by the plaintiff, a non-resident, while at work in the defendant's railroad yard in Detroit, Mich. While the defendant, a foreign corporation, does not maintain any of its lines within this State, it does have within this State an office for the conduct of its financial business and an office for the sole purpose of soliciting passenger and freight business. The defendant was, therefore, at the

time of the commencement of this action doing business in this State within the meaning of section 47 of the General Corporation Law.

Subdivision 4 of section 47 of the General Corporation Law, providing that a non-resident may sue a foreign corporation where the latter is doing business within this State, is not invalid under the commerce clause of the Federal Constitution.

While the Legislature has granted discretion to the courts of this State to entertain or refuse jurisdiction of actions in tort committed in a foreign State where both parties are non-resident, that rule does not apply to an action brought under the Federal Employers' Liability Act, and the courts have no discretion under section 6 of that act to entertain or decline jurisdiction of actions brought under the act by a non-resident against a foreign corporation that is doing business in this State.

KELLY, P. J., and LAZANSKY, J., dissent, the former on the opinion of the court below.

APPEAL by the plaintiff, James H. Murnan, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 13th day of September, 1926, granting defendant's motion to vacate the service of the summons and complaint and dismissing the action.

*C. D. Lewis* [*John Ambrose Goodwin, Leonard F. Fish* and *Thomas J. O' Neill* with him on the brief], for the appellant.

*H. Brua Campbell* [*Winslow S. Pierce* with him on the brief], for the respondent.

YOUNG, J.   This action is brought under the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143) to recover $50,000 damages for personal injuries stated to have been sustained by plaintiff on February 28, 1926, while in the defendant's employ at the defendant's Oakwood yard at Detroit, Mich., as the result of being thrown while upon the top of a caboose which collided with a locomotive.

The defendant is an Indiana corporation.   Plaintiff claims a residence in Waterbury, Conn., but defendant asserts that he is a resident of Detroit, Mich.   Concededly, however, he is not a resident of this State.   Defendant alleges in its moving papers that all of its lines of railroad are without the State of New York and that it has never filed its charter here, nor received a certificate authorizing it to do business in this State, and denies that it does business in this State; that, in accordance with the requirements of the New York Stock Exchange, it maintains an office for the conduct of its financial business in New York city, and that it also maintains an office in that city for the sole purpose of soliciting freight and passenger business.

Defendant moved to vacate the service of the summons and complaint and to dismiss the action upon the grounds, (1) that the cause of action, having accrued wholly without the State of New York, the jurisdiction of this court, by reason of the non-residence

of the parties hereto, is wholly discretionary, and that the court should, in the exercise of its discretion, decline to retain jurisdiction thereof, and (2) that section 47, subdivision 4, of the General Corporation Law of New York, under which this suit was attempted to be brought, is invalid under the commerce clause of the Federal Constitution in so far as it permits the court to assert jurisdiction, and that both the statute and this action constitute an unjust burden on interstate commerce.

The learned Special Term granted defendant's motion on the ground that, although the court has discretionary jurisdiction of the action, it should not, in the exercise of sound discretion, entertain the case, and should remit the non-resident plaintiff to another forum. From the order entered thereupon, plaintiff has appealed.

Section 47 of the General Corporation Law (as added by Laws of 1920, chap. 916) provides, among other things, that an action against a foreign corporation may be maintained by a non-resident where it is doing business within this State. (Subd. 4.) I think that the defendant is doing business within this State within the meaning of the above statute. (*Henriques* v. *Gauthiod Marine Ins. Co., Ltd.,* 205 App. Div. 8; *Richter* v. *Chicago, Rock Island & Pacific Railway Co.,* 123 Misc. 234.) The decision of the learned Special Term assumes this to be a fact and is based solely upon the discretionary power of the court to decline jurisdiction.

Respondent's contention that this statute is invalid under the commerce clause of the Federal Constitution is, in my opinion, unsound. The cases cited in support of this proposition relate to statutes of other States, differing in language and construction from the statute involved in this appeal and have no application thereto.

The serious question presented by this appeal is whether the courts of this State have any discretion to entertain or decline jurisdiction of actions brought under the Federal Employers' Liability Act by non-residents of this State against foreign corporations. Appellant asserts that they possess no such power.

Section 6 of that act, as amended by the act of 1910, provides that such an action may be brought in any Circuit Court of the United States in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of the commencement of the action, and, further, that the jurisdiction of the courts of the United States, under the act, shall be concurrent with that of the courts of the several States, and that no case arising under the act and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

It has been held in several cases that it is entirely within the discretion of the courts of this State, either to entertain or to decline jurisdiction of an action brought by a non-resident or a foreign corporation against a foreign corporation. (See *Gregonis v. P. & R. Coal & Iron Co.*, 235 N. Y. 152.) None of these cases, however, involved the Federal Employers' Liability Act, and, in all of them, the question which was actually determined was whether the plaintiff was a *bona fide* resident of this State, or whether such claim of residence was fraudulent and made solely for the purpose of bringing the suit in this State. The question seems to be presented for the first time as to whether this ruling of our Court of Appeals applies to cases brought under the Federal Employers' Liability Act.

In *Second Employers' Liability Cases* [*Mondou v. New York, New Haven & Hartford Railroad Co.*] (223 U. S. 1) the United States Supreme Court, in considering the constitutionality of this act, used the following language: " The suggestion that the act of Congress is not in harmony with the policy of the State, and therefore that the courts of the State are free to decline jurisdiction, is quite inadmissible, because it presupposes what in legal contemplation does not exist. When Congress, in the exertion of the power confided to it by the Constitution, adopted that act, it spoke for all the people and all the States, and thereby established a policy for all. That policy is as much the policy of Connecticut as if the act had emanated from its own Legislature, and should be respected accordingly in the courts of the State. * * * We are not disposed to believe that the exercise of jurisdiction by the State courts will be attended by any appreciable inconvenience or confusion; but, be this as it may, it affords no reason for declining a jurisdiction conferred by law. The existence of the jurisdiction creates an implication of duty to exercise it, and that its exercise may be onerous does not militate against that implication. * * * We conclude that rights arising under the act in question may be enforced, as of right, in the courts of the States when their jurisdiction, as prescribed by local laws, is adequate to the occasion." (Pp. 57–59.)

While the case last cited did not present the question involved in the case at bar, the language quoted is a well-considered expression of opinion on the question presented by this appeal, and it seems to me should be followed.

Respondent seeks to distinguish that case and argues that the New York courts are not accustomed to exercise jurisdiction in cases of this character, and that their jurisdiction is not appropriate or adequate to the occasion. This distinction is based upon

the discretion conferred by the Legislature upon the courts to refuse jurisdiction in an action in tort committed in a foreign State where both parties are non-residents. But, in my opinion, the discretion vested by the Legislature in the courts to entertain or decline jurisdiction of such cases does not render such jurisdiction inadequate to the occasion presented here. Since the laws of this State empower our courts to exercise such jurisdiction, it must be regarded as adequate to the occasion. The jurisdiction referred to by that court means jurisdiction of the subject-matter.

The order should, therefore, be reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendant to serve its answer within twenty days on payment of costs.

KAPPER and HAGARTY, JJ., concur; KELLY, P. J., dissents and votes to affirm on opinion of Mr. Justice TAYLOR at Special Term; LAZANSKY, J., dissents.

Order vacating service of summons and complaint, and dismissing action, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant to serve its answer within twenty days from the entry of the order herein upon payment of costs.