## M. A. BELKIN vs. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

First Judicial District, Hartford, May Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued May 17th—decided July 10th, 1929.

*Frederick B. Hungerford* and *Morris D. Saxe,* for the appellant (plaintiff).

*Edward R. Brumley,* with whom was *John H. Gardner, Jr.,* for the appellee (defendant).

BANKS, J. A carload of grapes consigned to Sgobel & Day "advise M. A. Belkin" arrived on the defendant's tracks at New Britain about 7 p. m. on September 7th, 1926. Early the next morning the plaintiff was notified of the arrival of the car and during the morning presented a shipper's delivery order authorizing the defendant to deliver the car to him. The plaintiff had a written sidetrack contract with the defendant requiring the latter to deliver cars consigned to him upon his private siding. This siding had a capacity of two cars only and was occupied by two cars from September 7th to September 10th. At no time did the plaintiff make any effort to clear his siding, and at no time prior to 12:30 p. m. on September 9th did either the plaintiff or the defendant take any action toward the delivery of the car at a point accessible for unloading. About 12:30 p. m. on September 9th the defendant's freight agent called the plaintiff's attention to the fact that the car was not disposed of, and at that time it was agreed that the car should be delivered to the plaintiff upon the public delivery track instead of upon the plaintiff's siding. To get to the public delivery track it was necessary to switch the car a distance of three quarters of a mile across main line tracks east and west bound, tracks to the roundhouse and the main line tracks to Berlin, which were constantly busy with through

traffic, and it was highly impracticable though not impossible to place the car upon the public delivery track until late in the afternoon due to passenger and freight movements through the yard. The defendant held the car for re-icing during the afternoon against the protest of the plaintiff, and after 3:30 directed it to be switched to the public siding where it was delivered about 5 p. m. The time necessary for its transfer to the public siding did not exceed one and one half hours.

A carrier is not an insurer against delay in the transportation of goods. Its duty is to deliver the goods within a reasonable time. This is an implied contract engrafted by the law upon its common-law duty to carry safely. *New England Fruit & Produce Co.* v. *Hines,* 97 Conn. 225, 229, 116 Atl. 243. The burden of establishing a breach of this contract is upon the plaintiff and not, as he suggests, upon the defendant to explain the delay. *New England Fruit & Produce Co.* v. *Hines, supra,* p. 231. What is a reasonable time for delivery is ordinarily a question of fact and not reviewable on appeal, unless the finding is wholly unsupported by the subordinate facts or results from the application of an incorrect rule of law or standard of conduct. But the plaintiff contends that upon the undisputed facts of this case it was the duty of the defendant to place the car upon a public siding immediately when it found that the private siding was not available. It is true that it has been held that, in the absence of contract or custom, the carrier is under no common-law duty to deliver freight on private spur tracks of the consignee, but that is far from supporting the plaintiff's present claim. Here there was a written contract requiring the defendant to deliver cars to the plaintiff upon his private siding. The private siding was occupied, the

plaintiff made no effort to clear it, and when the defendant's freight agent called his attention to the fact that the car was not disposed of he then agreed that it should be placed upon the public delivery track. The defendant was not bound to place the car upon the public siding the moment that it learned that the plaintiff's siding was occupied. We cannot say as a matter of law that under the circumstances its failure to move the car until the plaintiff had agreed that it might be delivered upon the public siding was a breach of its duty to the plaintiff. Nor can we say that the trial court could not reasonably find that the car was delivered upon the public siding within a reasonable time after the plaintiff had agreed to delivery at that place.

There is no error.

In this opinion the other judges concurred.