N. V. BROOD EN BESCHUITFABRIEK, Plaintiff, *v.* ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY and ALUMINUM COMPANY OF AMERICA, Defendants.

City Court of New York, New York County, February 18, 1930.

*Single & Single*, for the motion.

NOONAN, J.  The action is one to recover damages for breach of a contract of carriage made by the defendant St. Louis-San Francisco Railway Company to transport merchandise owned by the plaintiff from Wichita, Kan., to the port of Paramaribo, Dutch Guiana. It is claimed by the plaintiff that the merchandise was damaged in the course of shipment.  The Aluminum Company of America (Aluminum Line), the final carrier of the shipment, has been joined as a party defendant, the plaintiff alleging, pursuant to section 213 of the Civil Practice Act, that it is not certain which of the defendants is responsible for the damage.  The defendant railway company makes this motion to dismiss the action on the ground that the court has no jurisdiction.

The plaintiff and both defendants are foreign corporations. The contract of shipment was made and was to be performed outside of the State.  The alleged breach also took place outside of the State.  The summons and complaint in the action were served on the assistant secretary of the defendant railway company.  It is conceded that the defendant railway company is doing business within the State, and for that reason the court has jurisdiction of the person.  The question involves jurisdiction over the subject-matter of the action.  (*Murnan* v. *Wabash R. Co.*, 220 App. Div.

218, 222; *Davis* v. *Kessler & Co.*, 118 Misc. 292.) The action is founded on the authority of section 225, subdivision 4, of the General Corporation Law of 1929 (Laws of 1929, chap. 650) which invests a foreign corporation with the right to sue another foreign corporation in the courts of this State when the latter is doing business within the State. This jurisdiction is conferred, although the contract was made outside the State and the cause of action arose outside the State, the sole condition being that the foreign corporation alleged to be responsible for the breach is doing business within the State. While admitting jurisdiction over its person, the position of the defendant railway company is that the court should refuse jurisdiction on the ground that, under the circumstances of the case, the statute violates the commerce clause of the Federal Constitution (Art. 1, § 8, cl. 3). In support of this contention, the assistant secretary of the railway company states in the moving affidavit that all of the records of the company in relation to the shipment in suit and which are to be used on the trial are kept outside the State, and that many, if not all, of the witnesses to be called by it on the trial are located outside the State, and are employed in interstate commerce, and will probably be so located and employed at the time of trial. It is further averred by him that the defendant railway company does not own or operate any line of railroad within the State, and that the contract in suit has no relation to the business transacted by the said defendant within the State.

The only case in this State which has passed upon the question presented is *Murnan* v. *Wabash R. Co.* (*supra*), in which an action was brought under the Federal Employers' Liability Act (U. S. Code, tit. 27, chap. 2, §§ 51–59) by a non-resident employee of the defendant, an Indiana corporation, to recover damages for a tort committed outside the State. In that case the Appellate Division in the Second Department held, in reversing the trial court, that jurisdiction should have been retained as a matter of law. Referring to section 47, subdivision 4, of the General Corporation Law of 1909 (added by Laws of 1920, chap. 916), which by chapter 650 of the Laws of 1929, section 1, was renumbered section 225, subdivision 4, the court said: " Respondent's contention that this statute is invalid under the commerce clause of the Federal Constitution is, in my opinion, unsound. The cases cited in support of this proposition relate to statutes of other States, differing in language and construction from the statute involved in this appeal, and have no application thereto." (*Murnan* v. *Wabash Railway Co.*, 220 App. Div. 218, 220.)

The *Murnan* case was subsequently appealed to the Court of

Appeals, and was there reversed (246 N. Y. 244). In reversing, the Court of Appeals did not directly pass upon the question of the application of the commerce clause of the Federal Constitution, as the reversal was based on the holding that the jurisdiction of the trial court was a matter of discretion, and not one of law. However, the constitutionality of the statute was one of the questions in the case, and was raised therein, as appears from the opinion of the Appellate Division, and I think it may be inferred that the Court of Appeals sustained the decision on that point; otherwise it would not have remitted the case to the Appellate Division, so that the latter court might decide the question whether the trial court correctly exercised its discretion in refusing to take jurisdiction.

Against this decision the defendant railway company presents the case of *Panstwowe Zaklady Graviozne* v. *Automobile Ins. Co. of Hartford* (36 F. [2d] 504), in which Judge THACHER, of the United States District Court for the Southern District of New York, held, under a state of facts similar to those in the case at bar, that the State court had no jurisdiction of the action, on the ground that the assumption of jurisdiction would mean the imposition of an unreasonable burden on interstate commerce and a violation of the commerce clause of the Federal Constitution. This court is, therefore, confronted with the necessity of deciding whether it will follow the Appellate Division of this State or the decision of the United States District Court. The precise question of constitutionality has not as yet been adjudicated by the United States Supreme Court. Our courts have oftentimes held that the decision of the United States Supreme Court is the final authority on a question involving the Federal Constitution, even if such decision is contrary to the law previously announced by our appellate courts. (*Barnet* v. *New York Cent. & H. R. R. R. Co.*, 222 N. Y. 195; *Dollar Co.* v. *Canadian Car & Foundry Co.*, 220 id. 270; *Bronx Gas & Electric Co.* v. *Public Service Commission, First Dist.*, 190 App. Div. 13; *Grant* v. *Cananea Consol. Copper Co.*, 117 id. 576; *Johnston* v. *Mutual Reserve Life Ins. Co.*, 43 Misc. 251.)

The courts of this State, however, have not yielded their right to construe the statutes of the State, even when a Federal question was presented, although their views were in conflict with the rulings of Federal courts of the first instance. (See *Thorburn* v. *Gates*, 184 App. Div. 443; *Matter of Interborough-Metropolitan Co.*, 56 Misc. 128.) In my judgment, the decision of the *Murnan* case must be followed. In the absence of any constitutional inhibition, the court is in duty bound to entertain jurisdiction in an action on a contract which is made or where the breach occurs outside the State brought by one non-resident against another non-resident.

(*Davis* v. *Kessler & Co.*, *supra; Furbush* v. *Nye*, 17 App. Div. 325; *Furbush* v. *Clarkson*, Id. 327; *Wertheim* v. *Clergue*, 53 id. 122; *Reeve* v. *Cromwell*, 227 id. 32, 36; *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152.)

The motion to dismiss the action is denied. Order signed.