Hillsborough,
No. 4218

Florence B. Fallgren, *Adm'x v.* Railway Express Agency.

Argued November 3, 1953.

Decided November 30, 1953.

*Guertin & Widener* (*Mr. Guertin* orally), for the plaintiff.

*Warren, Wiggin, Sundeen & Nassikas* and *Bartram C. Branch* (*Mr. Branch* orally), for the defendant.

DUNCAN, J. The plaintiff has declared upon a special contract that the defendant would "deliver on time" the shipment to Gainesville, Georgia. The declaration alleges that this agreement "was evidenced by" the uniform express receipt. The receipt however fails to bear out the plaintiff's allegations. Under its terms the shipment was subject to the defendant's official express classification No. 33 (I.C.C. No. 4500). This provides by rule 7, "Conditions of Delivery. (a) Agreement as to time of delivery of express matter must not be made unless provision for such agreement is contained in lawfully published tariffs." The tariffs in effect at the date of the shipment contained no provision for any agreement with respect to time of delivery.

If the "uncontroverted evidence produced by the plaintiff" that special representatives of the defendant "represented" to the plaintiff that chicks shipped on a Thursday afternoon would arrive the Saturday following between the hours of five and six o'clock in the morning could be taken as evidence of an oral agreement that they would so arrive (see *Blodgett* v. *Abbot*, 72 Wis. 516), the evidence would be inadmissible to vary the terms of the written contract issued on the day of shipment. *Long* v. *N. Y. C. R. R. Co.*, 50 N. Y. 76; *The Jean Jadot*, 14 F. Supp. 161. Moreover such a contract if proved would be unenforceable. The official express classification containing the defendant's published tariffs was binding on the parties. "The contract being for an interstate shipment, their rights and obligations are governed by the Acts of Congress, the uniform express receipt, and the tariffs duly filed with the interstate commerce commission." *Nicholas Zeo, Inc.* v. *Railway Exp. Agency, Inc.*, 317 Mass. 374, 378. The tariffs could not be "avoided, enlarged, or varied by the shipper and the carrier through express or implied contract." *Am. Ry. Express Co.* v. *American Trust Co.*, 47 F. (2d) 16, 18, *cert. den.* 284 U. S. 629. See also, *Davis* v. *Cornwell*, 264 U. S. 560, 562. In the absence of a published tariff providing therefor, any special agreement for delivery at a particular time would be illegal because a preference and in

violation of requirements of the Interstate Commerce Act. *Chicago & Alton R. R. Co.* v. *Kirby*, 225 U. S. 155. See also, *Davis* v. *Cornwell*, 264 U. S. 560, *supra*; *Clegg* v. *St. Louis & S. F. R. Co.*, 203 Fed. 971; *L. & N. R. Co.* v. *Warren Co. Strawberry Grow. Asso.*, 206 Ky. 482; *Roberts* v. *Railroad*, 135 Tenn. 48; *Johnson* v. *N. Y., N. H. & H. R. R.*, 111 Me. 263, 270.

In the absence of an enforceable contract for delivery at a particular time, the defendant's undertaking was one to deliver within a reasonable time. *Chicago & Alton R. R. Co.* v. *Kirby, supra,* 164; *Nicholas Zeo, Inc.* v. *Ry. Exp. Agency, Inc., supra,* 381. The evidence contained in the agreed statement of facts fails to establish as a matter of law that the delay which occurred in transporting the decedent's shipment was unreasonable, or due to the negligence of the defendant. There is no indication that the twenty-minute delay in Connecticut for the purpose of examining a car for fire was negligent. See *National Elevator Co.* v. *Great Northern Ry. Co.,* 141 Minn. 407. So far as appears this and other "operational delays" which caused the train to arrive at New York forty minutes late, were "perils of navigation" (see *Walker* v. *The Transportation Co.,* 3 Wall. 150, 154), to which no negligence of the defendant or its agents contributed; and the affirmative evidence is that after arrival in New York transportation was in every case by means of the first trains available for railway express transportation.

We cannot say that a delay of fourteen hours in transportation over the considerable distance here involved is unreasonable as a matter of law. If it could be found from the evidence that a reasonable time for carrying the shipment was approximately thirty-nine hours, this "has no tendency to prove that the defendants were to blame for the delay. From all that appears, it is as probable that the delay was not, as that it was, caused by the defendants' fault." *Wood* v. *Railroad,* 78 N. H. 207, 209. See also, *Mason* v. *Chicago & Northwestern Ry. Co.,* 262 Ill. App. 580, 585.

The defendant was not an insurer against delay. *Belkin* v. *N. Y., N. H. & H. R. Co.,* 109 Conn. 466; *Saliba* v. *New York Central R. R. Co.,* 101 Vt. 427, 435. The rule which was controlling in *Akerly* v. *Express Agency,* 96 N. H. 396, therefore does not apply. The plaintiff has the burden of establishing unreasonable delay. If her evidence, standing by itself, could be said to warrant a finding in her favor, such a finding cannot be made as a matter of law on this record, in the face of the defendant's evidence explaining the delay. *Belkin* v. *N. Y., N. H. & H. R. Co., supra; Wood* v.

*Railroad, supra*; *Mason* v. *Chicago & Northwestern Ry. Co.*, 262 Ill. App. 580, *supra*. So far as the plaintiff relies upon authorities dealing with the negligence of a carrier in caring for livestock during a delay, she asserts a claim not open in this action of contract.

Since the evidence fails to establish the plaintiff's right to recover for breach of contract, it is unnecessary to pass upon the contention that she failed to make her claim in writing within nine months after delivery to the carrier, as required by the uniform express receipt.

*Judgment for the defendant.*

All concurred.