[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The defendant, Shell Oil Products Company (Shell), alleges the following facts in its third amended counterclaim. Shell is a Delaware corporation with its principal place of business in Houston, Texas. The plaintiff, Message Center Management, Inc. (MCM), is a corporation also organized under the laws of Delaware with its principal place of business in Hartford, Connecticut. In April, 1996, Shell and MCM entered into an agreement whereby MCM would market, promote and manage properties owned by Shell throughout the United States with the exception of New England and Florida. The properties were to be leased to carriers in the wireless communications industry for the placement of communications antennae.
Shell claims that it entered the agreement based on MCM's numerous representations of its vast and lengthy experience in the industry which included successful negotiations and lease management. Shell further alleges it relied on MCM's representations of its numerous contacts and familiarity with the various carriers that were currently leasing real estate for antennae sites.
In August, 1996, the agreement was amended at MCM's request to alleviate an alleged problem with the marketing of Shell's properties. By March, 1997, MCM had not secured any leases, alleging that there was a problem in the industry and despite its best efforts, carriers were not leasing property in 1996 and 1997. In May, 1997, Shell terminated the agreement for MCM's failure to perform satisfactorily.
Subsequently, Shell allegedly learned that carriers were in fact leasing properties during 1996 and 1997 and that plaintiff's failure to secure leases was due to its lack of marketing and promotion. Shell further alleges that MCM did not have the credentials or qualifications that it claimed. Shell claims that as a result of the foregoing, it lost CT Page 6508 the opportunity to lease any portion of its 4,200 properties that were part of the agreement.
Count three of Shell's third amended counterclaim alleges a violation of the Delaware Deceptive Trade Practices Act, incorporating all of the above and alleging in addition that MCM's alleged misrepresentations were immoral, unethical and unscrupulous in that MCM made these false representations with the sole purpose to get Shell to enter into the agreement. Additionally, Shell allegedly relied on MCM to effectively promote and market Shell's properties, the failure of which caused irreparable harm. Finally, Shell alleges that MCM used deceptive representations regarding the geographic coverage and the quality and standard of its services. Shell further alleges that MCM's conduct created confusion and misunderstandings among the parties. Based on all of the foregoing, Shell maintains that if MCM continues as the exclusive agent for Shell, Shell will suffer irreparable harm to its business and financial interests.
MCM filed a motion to strike count three supported by a memorandum of law as required by Practice Book § 10-42. Shell filed a timely memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); see also Practice Book § 10-39. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994). "The role of the trial court [is] to examine the [counterclaim], construed in favor of the [defendant], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the [third amended counterclaim]." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
MCM moves to strike count three of the counterclaim on the ground that it fails to allege a basis for injunctive relief and therefore cannot CT Page 6509 state a cause of action pursuant to the Delaware Deceptive Trade Practices Act, 6 Del. Code § 2531, et seq.[1] Specifically, MCM argues that Shell's allegations are insufficient because they fail to show irreparable harm and the lack of an adequate remedy at law.
Delaware case law requires a basis for injunctive relief as a prerequisite to seeking recovery under Delaware's Deceptive Trade Practices Act. See Grand Ventures, Inc. v. Whaley, 632 A.2d 63, 70 (Del. 1993); Dionisi v. DeCampli, 1995 WL 398536 (Del.Ch.); Bradey v. Fallon, 1998 WL 283438 (Del.Super.). "Under Connecticut law, whether the Superior Court of the State of Connecticut will grant an injunction is procedural, not substantive, for conflicts of law purposes." Environmental ProductsCorp. v. Lincoln, Superior Court, judicial district of Fairfield, Docket No. 322014 (May 12, 1995, Levin, J.); see New England Fruit Produce Co.v. Hines, 97 Conn. 225, 228, 116 A. 243 (1922) (matters affecting the remedy depend on the law of the place where the suit is brought). Therefore, Shell must show a basis for injunctive relief by sufficiently alleging irreparable harm and lack of an adequate remedy at law. See Petv. Department of Health Services, 207 Conn. 346, 370, 542 A.2d 672
(1988).
MCM first argues that Shell neither alleges nor has the ability to prove there is no adequate remedy at law.[2] MCM properly argues the former issue, but improperly argues the latter by raising facts outside the pleadings to support its arguments. MCM relies on this court's prior denial of MCM's request for a preliminary injunction to prevent Shell from terminating the agreement. There the court stated that an adequate remedy at law existed. Nevertheless, this court is limited "to a consideration of the facts alleged in the [counterclaim]. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996); see Cavallov. Derby Savings Bank, 188 Conn. 281, 285-86, 449 A.2d 986 (1982). As a result, the court must disregard this argument and confine its consideration of the motion to MCM's remaining arguments.
The court agrees with MCM that Shell fails to allege sufficiently the lack of an adequate remedy at law. Shell's third amended counterclaim makes no mention of having no adequate remedy at law. Shell alleges only that it suffered irreparable harm as a result of MCM's failure to effectively promote and market Shell's available property and will continue to suffer such harm should the exclusive agreement continue.
In addition, MCM properly argues that Shell has no basis for injunctive relief because there are no allegations that establish a reasonable threat of irreparable harm. Shell alleges that MCM's failure to CT Page 6510 effectively promote and market Shell's properties caused irreparable harm and will continue as to cause harm if MCM remains its exclusive agent. Shell alleges, however, that "in May, 1997, Shell terminated the agreement for MCM's failure to perform satisfactorily under the agreement." (See Shell's third amended counterclaim, ¶ 10.) It is in contradiction to this claim to then allege a basis for injunctive relief by maintaining that if MCM continues as Shell's exclusive agent, Shell will suffer irreparable harm. Given that Shell alleges it terminated the agreement in May, 1997, there is no threat of irreparable harm and thus no basis for injunctive relief.
Shell argues that MCM made an improper conclusion of law when it relied on Shell's allegation that the agreement was terminated. First, Shell claims that it "only alleged in paragraph 10 that in May, 1997 Shell Oil sent a letter of termination to MCM." (See Shell's memorandum, p. 4.) In fact, paragraph 10 states: "[I]n May, 1997, Shell terminated the agreement for MCM's failure to perform satisfactorily under the agreement." (Shell's third amended counterclaim, ¶ 10.) MCM made no conclusion of law, but rather rightfully relied on Shell's factual allegation made within the pleadings for the purposes of this motion.
Shell then argues that whether the termination was proper and valid is a question of law, thereby rendering MCM's reliance on Shell's allegation that their agreement was terminated an improper conclusion of law. This argument is misguided in that it is legally possible and properly inferred by Shell's allegation that Shell unilaterally repudiated its duties under the contract before its five-year term expired. Whether Shell had the right to terminate based on MCM's performance will only determine whether or not Shell was in breach of contract.
Finally, the court notes that Delaware's Deceptive Trade Practices Act was "designed to encourage immediate or at least timely enforcement of its provisions to halt unfair or deceptive trade practices between [parties]. It is not a vehicle for damages long after the immediacy of the grievance dissipates. When the press for instant action eases, so does the basis for possible concomitant damages." Dionisi v. DeCampli, 1995 WL 398536 (Del.Ch.).
Here, if Shell's allegation that it terminated the agreement with MCM is proven, there has been no recognized agreement between the parties since April, 1997. Therefore, there has been no threat of continuing irreparable harm since that date. Consequently, the immediacy of any threat of irreparable harm has long since dissipated and the need for instant action eased.
The allegations therein, if proved, would not constitute a basis for CT Page 6511 injunctive relief. Therefore, the defendant has no standing to seek recovery under Delaware's Deceptive Trade Practices Act. See Dionisi v.DeCampli, 1995 WL 398536 (Del.Ch.).
Motion to strike third amended counterclaim is granted.
Hon. Andre M. Kocay, Judge