[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE COUNT THREE OF DEFENDANT'S FOURTH AMENDED COUNTERCLAIM
This action comes before the court on the plaintiff's motion to strike count three of the defendant's fourth amended counterclaim. The court heard oral argument on August 7, 2000 and now issues this decision.
The defendant, Shell Oil Products Company (Shell), alleges the following facts in its fourth amended counterclaim. Shell is a Delaware corporation with its principal place of business in Houston, Texas. The plaintiff, Message Center Management, Inc. (MCM), is a corporation also organized under the laws of Delaware with its principal place of business in Hartford, Connecticut. In April, 1996, Shell and MCM entered into an agreement whereby MCM would market, promote and manage properties owned by Shell throughout the United States with the exception of New England and Florida. The properties were to be leased to carriers in the wireless communications industry for the placement of communications antennae.
Shell claims that it entered the agreement based on MCM's numerous representations of its vast and lengthy experience in the industry which included successful negotiations and lease management. Shell further alleges it relied on MCM's representations of its numerous contacts and familiarity with the various carriers that were currently leasing real estate for antennae sites. CT Page 916
In August, 1996, the agreement was amended at MCM's request to alleviate an alleged problem with the marketing of Shell's properties. By March, 1997, MCM had not secured any leases, alleging that there was a problem in the industry and despite its best efforts, carriers were not leasing property in 1996 and 1997. In May, 1997, Shell terminated the agreement for MCM's failure to perform satisfactorily.
Subsequently, Shell allegedly learned that carriers were in fact leasing properties during 1996 and 1997 and that plaintiff's failure to secure leases was due to its lack of marketing and promotion. Shell further alleges that MCM did not have the credentials or qualifications that it claimed. Shell claims that as a result of the foregoing, it lost the opportunity to lease any portion of its 4, 200 properties that were part of the agreement.
Count three of Shell's fourth amended counterclaim alleges a violation of the Delaware Deceptive Trade Practices Act, incorporating all of the above and alleging in addition that MCM continued to attempt to market Shell sites by representing itself as Shell's management nationwide, utilizing the Shell Oil name, logo, pictures of Shell towers and by soliciting carriers for Shell nationally. Additionally, Shell alleges MCM continues to act as Shell's exclusive agent with respect to the marketing and promoting of Shell's properties. Finally, Shell alleges that MCM used deceptive representations regarding the geographic coverage and the quality and standard of its services. Shell further alleges that MCM's conduct created confusion and misunderstandings among the parties. Based on all of the foregoing, Shell maintains that they have no remedy at law to stop MCM from marketing Shell sites and if MCM continues Shell will suffer irreparable harm to its business and financial interests.
On June 5, 2000, MCM filed a motion to strike count three of the defendant's fourth amended counterclaim supported by a memorandum of law as required by Practice Book § 10-42. Shell filed a timely memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); see also Practice Book § 10-39. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994). "The role of the trial court [is] to examine the CT Page 917 [counterclaim], construed in favor of the [defendant], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the [third amended counterclaim]." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
MCM moves to strike count three of the fourth amended counterclaim on the ground that it fails to allege a basis for injunctive relief and therefore cannot state a cause of action pursuant to the Delaware Deceptive Trade Practices Act, 6 Del. Code § 2531, et seq.[1]
Specifically, MCM argues that Shell's allegations are insufficient because they fail to show irreparable harm and the lack of an adequate remedy at law.
Delaware case law requires a basis for injunctive relief as a prerequisite to seeking recovery under Delaware's Deceptive Trade Practices Act. See Grand Ventures, Inc. v. Whaley, 632 A.2d 63, 70 (Del. 1993); Dionisi v. DeCampli, 1995 WL 398536 (Del.Ch.); Bradey v. Fallon, 1998 WL 283438 (Del.Super.). "Under Connecticut law, whether the Superior Court of the state of Connecticut will grant an injunction is procedural, not substantive, for conflicts of law purposes." EnvironmentalProducts Corp. v. Lincoln, Superior Court, judicial district of Fairfield, Docket No. 322014 (May 12, 1995, Levin, J.); see New EnglandFruit Produce Co. v. Hines, 97 Conn. 225, 228, 116 A. 243 (1922) (matters affecting the remedy depend on the law of the place where the suit is brought). Therefore, Shell must show a basis for injunctive relief by sufficiently alleging irreparable harm and lack of an adequate remedy at law. See Pet v. Department of Health Services, 207 Conn. 346,370, 542 A.2d 672 (1988).
In it's fourth amended counterclaim, Shell has alleged facts sufficient to form a basis for injunctive relief because there are allegations that establish a reasonable threat of irreparable harm. Shell alleges that MCM's failure to effectively promote and market Shell's properties caused irreparable harm and will continue to cause harm if MCM remains its exclusive agent. Furthermore, Shell alleges MCM utilized the Shell Oil name, logo, and pictures of Shell towers after its contract was terminated, If it is proven that MCM is continuing to act as Shell's exclusive agent, then the immediacy of a threat of irreparable harm remains and the need for instant action is necessary. Additionally, Shell alleges that they have no adequate remedy at law to stop MCM from marketing Shell sites without authorization.
Based on the foregoing, the defendant would have standing to seek CT Page 918 recovery under Delaware's Deceptive Trade Practices Act because if the allegations therein are proven it would constitute a basis for injunctive relief. See Dionisi v. DeCampli, 1995 WL 398536 (Del.Ch.). Accordingly, the plaintiff's motion to strike count three of the defendant's fourth amended counterclaim is hereby denied.
Hon. Andre M. Kocay, J.